JOHN FOLEY *vs.* ELIZABETH J. WYETH.

If the owner of land makes an excavation in it so near to the adjoining land of another proprietor that the soil of the latter breaks away, he is responsible for all the injury thereby occasioned to the land, and also for the disturbance of a right of way over the land, without proof of carelssness, negligence or want of skill in making the excavation, but not for injury to buildings which have been placed upon the land.

One who is in the occupation of land, which he has agreed to purchase, by a written contract which contains no stipulation that he may have possession until the price is paid, is a mere tenant at will, and cannot sustain an action for an injury to the reversion, although he subsequently becomes the owner of the land in fee.

In an action for an injury to the plaintiff's land, resulting from an excavation made by the defendant upon his adjoining land, by means of which the plaintiff's soil has broken away and fallen, it is no defence that the injury would not have occurred but for the acts of persons other than the plaintiff, in erecting buildings upon their own land.

MERRICK, J. The declaration alleges that the plaintiff was seised and possessed of the parcel of land described therein, together with a right of way in common with other persons, in two passage ways adjoining and appurtenant thereto; and that the defendant dug a large and deep pit in her own land, whereby a considerable portion of his land caved in and was removed, and the said passage ways were made useless and impassable. And, from the statement of facts reported, it appears that the plaintiff had contracted in writing * to purchase the premises for a valuable consideration to be subsequently paid, and that in the mean time he was in the possession and occupation of the premises by the license of Erastus Hutchinson, the

---

\* The contract was as follows: —

"Cambridge, Nov. 8, 1852.

"An agreement of two parts, this day made between Erastus Hutchinson and John Foley, witnesseth the said Hutchinson has sold the said Foley the dwelling house and 5000 feet of land, that Barnard Gorman now lives in, for $425, and give a good deed of the same when there is $100 and the interest of the principal paid. And the said Foley agrees to work for the said Hutchinson, whenever he has work for him, at the same rate that he would for cash, and let one half of his wages go towards paying for the said house and land, and if so be that the said Foley should not work for the said Hutchinson but for some one else, then the said Foley shall pay to said Hutchinson one half his wages, leaving to himself one half to live upon. Erastus Hutchinson.
John Foley."

owner with whom the contract of sale was made.   Proof of the
alleged excavation and injury to his land and passage ways
having been adduced by the plaintiff, the presiding judge ruled
that this was sufficient to entitle him to maintain his action, and
that for this purpose it was not incumbent on him to show also
that the excavation was made by the defendant in a careless
negligent and unskilful manner.

This ruling was correct.   If the owner of land makes an ex-
cavation in it so near to the adjoining land of another proprie-
tor that the soil of the latter breaks away and falls into the pit
he is responsible for all the damage thereby occasioned.   Few
principles of the law can be traced to an earlier or to a more
constant recognition, through a long series of uniform and con-
sistent decisions, than this.   It is distinctly stated in 2 Rol. Ab
564.   In Gale & Whatley on Easements, 215, it is said that
"the right to support from the adjoining soil may be claimed
either in respect of the land in its natural state, or land subjected
to artificial pressure by means of buildings or otherwise."   In
the former case the right is not an easement, but is a right of
property as being necessarily and naturally attached to the soil.
Ib. 216.   And in the recent case of *Humphries* v. *Brogden*, 12
Ad. & El. N. S. 739, where the law upon the subject appears to
have been fully and carefully investigated and considered, it is
affirmed that the right to lateral support from the adjoining soil
is not like the support of one building upon another, supposed
to be gained by grant, but is a right of property which passes
with the soil, so that if the owner of two adjoining closes con-
veys away one of them, the alienee, without any grant for that
purpose, is entitled to the support of the other close the very in-
stant when the conveyance is executed.   "And this doctrine,"
said Lord Campbell, C. J., after an examination of the authori-
ties in which it is recognized, and by which it is sustained,
"stands on natural justice, and is essential to the protection and
enjoyment of property in the soil."   The same principle is as-
serted by this court in the opinion given by Parker, C. J., in the
case of *Thurston* v. *Hancock*, 12 Mass. 220.   The decision in
the case of *Lasala* v. *Holbrook*, 4 Paige, 169, is to the same

effect.  *Radcliff* v. *Mayor, &c. of Brooklyn,* 4 Comst. 195.  *Richardson* v. *Vermont Central Railroad,* 25 Verm. 465.  *Solomon* v. *The Vintners' Company,* 4 Hurlst. & Norm. 585.  It is a necessary consequence from this principle that, for any injury to his soil resulting from the removal of the natural support to which it is entitled, by means of excavation on an adjoining tract, the owner has a legal remedy in an action at law against the party by whom the work has been done and the mischief thereby occasioned.  This does not depend upon negligence or unskilfulness, but upon the violation of a right of property which has been invaded and disturbed.  This unqualified rule is limited to injuries caused to the land itself, and does not afford relief for damages by the same means to artificial structures.  For an injury to buildings, which is unavoidably incident to the depression or slide of the soil on which they stand, caused by the excavation of a pit on adjoining land, an action can only be maintained when a want of due care or skill, or positive negligence, has contributed to produce it.

The jury were therefore correctly advised that, if the defendant, by excavations in her own land, and by carrying away large quantities of earth and clay therefrom, caused the adjoining land to fall and sink into the pit which she had dug, she was liable for the injury done to the soil of the plaintiff; and that this action might be maintained to recover damages for the interruption and disturbance of his right of way in the passage ways, as well as for depriving him, or lessening the value, of the use of the land to which they were appurtenant.  But it was erroneous, in the absence of any proof of carelessness, negligence or unskilfulness in the execution of the work, to add that they might take into consideration as an element of damage for which compensation could be recovered, the fact that the foundation of his house had been made to crack and settle.

In reference to the question of damages, the court also instructed the jury that the plaintiff was not a mere tenant at will, but was a tenant under a written contract, with a right to continue in possession so long as there was no failure on his part to perform all that was required by his contract with Hutchinson.

This instruction cannot be sustained. No demise was created by that contract; and the plaintiff held possession of the premises only by permission of the owner. Although, under the circumstances stated, it was undoubtedly the intention of the parties that he should remain in the undisturbed possession of the land unless he neglected to make the stipulated payments, he had no title by which he could hold it against the owner for any fixed or definite length of time. He was therefore a mere tenant at will. *Gould* v. *Thompson*, 4 Met. 224. And Hutchinson, as the owner in fee, was the proper party to seek for a remedy for injuries to the reversion. *Hastings* v. *Livermore*, 7 Gray, 194. The rights and liabilities of all the respective parties can only be considered in an action for the recovery of damages, as they existed at the time when the wrong was committed. They were in no degree affected by a subsequent conveyance of the estate.

The defendant excepts to the refusal of the court to instruct the jury, in conformity to his request, that, if the injury complained of was in any degree caused by, or would not have occurred but for, the additional weight of buildings erected on their land by persons other than the plaintiff, he could not recover in this action. But this instruction was properly withheld. Whether, if the pressure of the weight of artificial structures which the owner has placed upon his own land for a lawful purpose and in its reasonable use, contributes to cause a slide or crumbling away of his soil into a pit excavated in an adjoining close by another proprietor, this will deprive him of the right to remuneration for the injury sustained, may be considered to be at least open to denial. It may be determined when the precise question arises. It does not arise here. But as to the much broader proposition asserted by the defendant in her request, we think there is no room for doubt. The absolute and unqualified right of property which vests in the owner of land cannot be diminished or lawfully affected by the acts or proceedings of strangers in the use and appropriation of that which belongs to them; and therefore he who, in the execution of an enterprise for his own benefit, changes the natural condition of the parcel

of territory to which he has title, and thereby takes away the lateral support to which the owner of the adjoining estate is entitled, cannot exonerate himself from responsibility by showing that the particular injury complained of would not have occurred if other persons had never made alterations in or improvements upon their respective closes. *Brown* v. *Robbins*, 4 Hurlst. & Norm. 186. His right of dominion over his own land is not without some limitations. To make a justifiable use of his own, he must have a proper respect to the appropriation which has already been made by other owners of the surrounding territory And therefore, when one undertakes to make an excavation on his land, he must consider. how it will be likely, in view of the existing and actual occupation of others, to affect the soil of his neighbor.

For the reasons stated, it is apparent that the verdict cannot be affirmed for the sum which the jury have found as the damages sustained ; and accordingly it must be set aside and a new trial granted.

*H. F. Smith*, for the defendant.

*B. Dean*, for the plaintiff.