Matulys v. Philadelphia and Reading Coal and Iron Company, Appellant.

*Mines and mining—Lateral support—Conveyance of surface—Negligence.*

Where an owner of real estate conveys the land to another, reserving the minerals, and thereafter in mining under adjacent lands so conducts operations as to cause a subsidence of the surface of the land previously conveyed, he is liable for the injuries resulting from the withdrawal of lateral support, and this is the case irrespective of the terms of the deed, and irrespective of the question whether he was negligent or not.

*Lateral support—Buildings—Negligence—Mines and mining.*

The lateral support of the land, to which the owner thereof has an absolute right and for the deprivation of which by his neighbor he can main-

tain an action without proof of negligence, extends only to the land itself in its natural condition and does not include support for the protection of buildings or improvements upon it.

Negligence or want of due care in withdrawing lateral support in excavating or mining adjoining land for which there is liability for injury to a neighbor's buildings means positive negligence, or manifest want of due care in the excavations or mining so far as they affect, or are likely to affect, adjoining improvements.

Argued May 27, 1901.    Appeal, No. 301, Jan. T., 1900, by defendant, from judgment of C. P. Northumberland Co., Dec. T., 1898, No 4, on verdict for plaintiff in case of Susan· Matulys v. Philadelphia and Reading Coal & Iron Company.    Before McCollum, C. J., Mitchell, Brown, Mestrezat and Potter, JJ.    Reversed in part.

Trespass for injuries caused to land by mining operations.

At the trial it appeared that the defendant on May 25, 1885, had conveyed to plaintiff certain lots in the borough of Mt. Carmel, reserving the minerals thereunder.    The terms of this deed and other facts in the case are stated in the opinion of the Supreme Court.

The court charged in part as follows :

[It is contended that the defendant is not liable because the mining and excavations causing the subsidence and squeeze was not upon or underneath the plaintiff's premises but some 100 feet to the south further up the vein or veins.    It is contended that the defendant had a right to mine the coal upon its own land, owning both the surface and mineral, as it pleased, and no difference what the manner of mining, whether all the coal was taken out or not, or whether the surface subsided or not, it is not liable to the plaintiff.

We think differently.    Under the common-law rule the owner of the minerals is bound to so conduct his operations in the removal of them as not to disturb the adjacent surface and do injury to the owner thereof.    That is the law in England, followed in this country and held as late as McGettigan v. Potts, 149 Pa. 155.    This case has been cited by the defendant as having bearing on another question, but it undoubtedly holds the law to be as I have stated, that an owner of adjoining property owes the duty of lateral support to his neighbor and

may not so conduct his operations of quarrying or mining upon his own lands as to injure his neighbor's property. It is an absolute duty.

It is not a question of negligence whether he is using due care in his operations on his own property, but there is an absolute duty to support the surface of his neighbor's land which he at all times must observe.

Therefore we hold under that and other authorities that there was a duty upon this defendant to so mine its coal as not to disturb and injure the surface of the Matulys lots.

That in no event can it escape liability on account of the injury to the surface of said lots. That it is not a question of negligence]. [2]

The parties have agreed upon the amount of the damages to be assessed: Two thousand dollars on account of the injury to the surface of the lots and $500 additional on account of injury to the buildings erected on the lots.

It is contended that the duty of lateral support, about which I have spoken to you, extends only to the surface in its natural condition, and that there can be no recovery on account of injury to a building upon the lot, by reason of the removal of the natural support, and that therefore all that can be recovered in this case would be the $2,000 for the injury to the surface of the lots in question. Under the authority of Gumbert and Huey v. Kilgore, in 6 Central Reporter, 406, I rule this question against the defendant for the present and instruct you that the plaintiff is entitled to recover not only for the injury of the soil, or the lots, in their natural conditions expressed in legal phrase, but also for the injury to the buildings, and therefore your verdict should be for $2,500. I can consider this question, as well as other questions in this case, on a motion for a new trial and if I come to the conclusion that they are not entitled to be compensated on account of injury to the buildings, I can reduce the verdict, or if I should continue to be of the same opinion, I can let it stand under the agreement of the parties, fixing the exact amount of the damages on account of each item of injury, and the Supreme Court can reduce the judgment.

Verdict and judgment for plaintiff for $2,500. Defendant appealed.

*Error assigned,* among others, was (2) above instruction, quoting it.

*S. P. Wolverton,* with him *John F. Whalen* and *George F. Baer,* for appellant.—Where one person grants the surface of land and reserves the minerals, the implied right of surface support which passes with such grant may by proper words in the deed be excepted from the grant, and where this is done the owner of the mineral may remove all of it even though in doing so the surface is injured : Scranton v. Phillips, 94 Pa. 15 ; McDade v. Spencer, 6 Lackawanna Legal News, 84.

Where the owner of a lot builds upon his boundary line and the building is thrown down by reason of excavations made upon the adjoining lot, in the absence of improper motive and of carelessness in the execution of the work, no recovery can be had for the injury done to the building : Gilmore v. Driscoll, 122 Mass. 199 ; Birmingham v. Allen, L. R. 6 Ch. Div. 284.

*W. H. M. Oram,* with him *L. S. Walter* and *P. A. Vought,* for appellee.—This case is ruled by the case of Jones v. Wagner, 66 Pa. 429.

The defendant, the grantor, did the mining and removed the coal, which caused the damage complained of, and it is clear, is responsible to the plaintiff therefor: Coleman v. Chadwick, 80 Pa. 81 ; Williams v. Hay, 120 Pa. 495 ; Carlin & Co. v. Chappel, 101 Pa. 348 ; Pringle v. Vesta Coal Co., 172 Pa. 438 ; Robertson v. Youghiogheny River Coal Co., 172 Pa. 571 ; Barnes v. Berwind, 3 Penny. 140 ; Lowry v. Hay, 2 Walker, 243 ; Horner v. Watson, 79 Pa. 251.

In case of land, the owner has a right to have his land remain in its natural condition, unaffected by any act of his neighbor, and if his neighbor digs upon or improves his own land so as to injure this right, he may maintain an action against him without proof of negligence : Carlin & Co. v. Chappel, 101 Pa. 348 ; Pringle v. Vesta Coal Co., 172 Pa. 438 ; Nelson v. Hoch, 14 Phila. 655 ; Coleman et al. v. Chadwick, 80 Pa. 81 ; Lennig v. Ocean City Assn., 41 N. J. Eq. 606.

OPINION BY MR. JUSTICE BROWN, January 6, 1902:

In the two deeds from the appellant to the appellee for the

lots to which the alleged injury has been done, the following reservations and conditions occur: "Excepting and reserving to the said party of the first part, their lessees, tenants, or their successors and assigns, all the fossil or mineral coal, iron, and other ores that may be found under the surface of the earth within the boundaries of the above mentioned and described lot or piece of ground, with the entire right to mine, dig and carry away the same, and to pass into and through said land in all directions, and to excavate and use the same below the surface for all purposes necessary or convenient in mining coal, ores or minerals from said land, and from any other land, as fully and freely as if this grant had not been made, without making any compensation therefor to the said party of the second part, her heirs and assigns; provided always, that neither the said party of the first part, or their successors or assigns, nor any other parties interested in the legal or equitable titles to the premises, shall be in any way responsible for the acts or doings of their lessees, or any of them, in working, mining or digging the said coal, iron or other minerals, nor for any loss or damage which such acts or doings may occasion to the said party of the second part, or any other person or persons, owners or occupiers of the premises; excepting and reserving also, all running springs and streams of water on the surface of the ground which may at any time hereafter be diverted by the said party of the first part, their successors or assigns, if it should be deemed expedient for their use, or for the purpose of laying out and making any streets or alleys; and also the rights of laying water and gas pipes through or under the surface of the said streets or alleys, doing as little injury as possible; and also the right of making and using drifts and tunnels through and under the said lot or piece of ground in all directions, for mining purposes; on the same or other land."

The injuries of which the appellee complains have not resulted from the mining of coal under the lots conveyed by these deeds, but from mining operations at least 100 feet distant, beneath surface owned by the appellant. The subsidence of that surface caused the surface of appellee's lots to crack or open, and, however earnestly learned counsel for the appellant may ask us to consider the foregoing reservations in determining whether there is any liability to the appellee, it is manifest that the

questions raised on this appeal must be considered and disposed of without regard to them. Nothing that was done beneath the lots conveyed, to which alone the exceptions and reservations in plainest words apply, injured appellee's property. No use by the appellant of the land beneath appellee's surface, in mining coal there, or in mining it "from any other land," is complained of. It was the subsidence of the surface of the adjoining property, owned by the appellant, that caused the injury for which compensation is sought, and it is clear, without further comment, that any liability of the defendant is that of an adjoining owner failing in the discharge of an absolute duty not to interfere with the lateral support of the land of appellee, and causing injury to the buildings of the latter by carelessness and negligence in mining operations on its own land. The question involved is, not whether there is any liability by the appellant to the appellee, in view of the reservations in the deeds of the former to the latter, but is simply whether the Philadelphia and Reading Coal and Iron Company, in operating its own mines, is liable to an adjoining surface owner for injuries resulting from its withdrawal of lateral support, and must be determined as if the reservations had not been incorporated in the deeds.

From the testimony submitted by the plaintiff, it appears that certain supports of the surface of the land that was being mined by the defendant more than 100 feet south of plaintiff's land gave way and a subsidence of defendant's surface followed. The surface was of rock of some length, and, in settling, worked like a lever, the one end, or power, being on the land of defendant, and the other, or weight, on that of plaintiff. As the end on the south subsided, the other end on the north, on plaintiff's land, cracked or broke, leaving a crevice and causing injury to the lots and buildings on them. No testimony was offered by the defendant, and, in its history of the case, it frankly admits : "The injury was not caused by mining under the lots conveyed, but by mining operations several hundred feet distant, and the subsidence of the surface at that point causing the surface of the lots to open at different points which the plaintiff claims injured her buildings." The case is, therefore, one of injury resulting to a landowner from the withdrawal of lateral support by an adjoining owner in its mining

operations on its own land.   The plaintiff was entitled to the natural lateral support of her ground, and, if the same was withdrawn by her neighbor in mining operations on its own land, for any injury to her lots resulting from the withdrawal of such support, compensation must be made.   The right to such lateral support is an absolute one, and the adjoining owner who withdraws it, whether negligent or not, in excavating or mining his land, is liable for injuries resulting to his neighbor's ground : McGettigan v. Potts, 149 Pa. 155 ; McGuire v. Grant, 1 Dutcher (N. J.), 365.   " But, in the case of land, which is fixed in its place, each owner has the absolute right to have his land remain in its natural condition, unaffected by any act of his neighbor ; and, if the neighbor digs upon or improves his own land so as to injure this right, may maintain an action against him, without proof of negligence :"   Gilmore v. Driscoll, 122 Mass. 199.

Under plaintiff's proof, so clear that the defendant does not attempt to controvert it, that the injury to her lots resulted from defendant's withdrawal of their lateral support in its mining operations on its own property, the learned trial judge correctly directed the jury to return a finding in her favor for the amount of damage done to the lots.   By agreement of parties, this damage was fixed at $2,000, and for that sum plaintiff is entitled to judgment on the verdict.   We cannot, however, approve the court's direction that a finding should be returned for $500 in favor of the plaintiff, the sum agreed upon as the amount of damage done to her buildings.   The lateral support of land, to which the owner thereof has an absolute right, and for the deprivation of which by his neighbor he can maintain an action without proof of negligence, extends only to the land itself in its natural condition, and does not include support for the protection of buildings or improvements upon it. This is well settled in England and with us.   McGettigan v. Potts, McGuire v. Grant and Gilmore v. Driscoll, supra.   Attention can properly be called to the numerous authorities cited in the last case.

As this absolute right to lateral support is limited to the land itself in its natural condition, there can be no recovery for injuries to buildings or improvements resulting from the withdrawal of such support, in the absence of proof of negligence

or carelessness in excavating or mining on the adjoining land. This is equally well settled, and the rule is nowhere more distinctly announced than in Foley v. Wyeth, 2 Allen (Mass.), 131, where the court, after referring to the absolute right of an adjoining owner of land to lateral support for it in its natural condition, said: "It is a necessary consequence from this principle that, for any injury to his soil resulting from the removal of the natural support to which it is entitled, by means of excavation on an adjoining tract, the owner has a legal remedy in an action at law against the party by whom the work has been done and the mischief thereby occasioned. This does not depend upon negligence or unskilfulness, but upon the violation of a right of property which has been invaded and disturbed. This unqualified rule is limited to injuries caused to the land itself, and does not afford relief for damages by the same means to artificial structures. For an injury to buildings, which is unavoidably incident to the depression or slide of the soil on which they stand, caused by the excavation of a pit on adjoining land, an action can only be maintained when a want of due care or skill, or positive negligence, has contributed to produce it."

Is there proof of any negligence or want of care on the part of appellant which resulted in the injuries to appellee's buildings? Nothing, as we have already seen, was done beneath plaintiff's surface that caused any of the injuries complained of. No support by those mining beneath it was withheld from the upper owner, entitled to it, resulting in injuries for which there would be an unquestioned liability, and Jones v. Wagner, 66 Pa. 429, upon which appellee seems to rely, is not at all in point. If the appellant was negligent or careless, it was so only as to its own surface beneath which it was mining; but it was responsible to no one for its negligence or want of care there, unless likely to result in injury to another or his property, to whom or to which the duty of care was owed. So far as the buildings of the appellee are concerned—and, for that matter, her land itself—nothing can be found in the testimony showing negligence or carelessness by the appellant. Nothing that it did on its own land in its mining operations indicates any negligence or want of care towards its neighbor, and it could not reasonably have anticipated that, even if it failed to

properly support its own surface, the peculiar injury complained of would result.   Negligence or want of due care in withdrawing lateral support in excavating or mining on adjoining land, for which there is liability for injury to a neighbor's buildings, means positive negligence or manifest want of due care in the excavations or mining so far as they affect, or are likely to affect, adjoining improvements.   There was not only no proof of such negligence here; but the appellant can fairly say that, even if it did not properly support its own surface, it ought not to be charged against it that it should reasonably have anticipated what happened to appellee's surface, and the improvements on the same, by reason of its failure to support its own surface.

The judgment, that the appellant pay $500 for injuries to appellee's buildings, is reversed, and is now for $2,000, for the injury to the surface of the lots, with interest from April 17, 1900, the date of the verdict.