## Malone *v.* Pierce, Appellant.

*Lateral support—Agreement to protect building—Principal and agent—Corporation.*

1. Where the president of a corporation which is about to excavate its land for the purpose of building agrees with the owner of the adjoining land to do the work in a particular way so that the building thereon will not be injured, and the president neglects to have the work done in the way specified, and as a consequence the neighboring building is injured, the owner who had relied upon the promise, and taken no precautions to shore up his building, may recover damages for injuries in an action of trespass against the president individually.

2. If in such a case the president after having agreed for his company to do the work in a particular way, subsequently, of his own volition

and without authority from the corporation, changed the method of doing the work, he exceeded his authority, and was answerable in damages for any injuries resulting from acts done in excess of his authority.

Argued Nov. 1, 1910. Appeal, No. 179, Oct. T., 1910, by defendant, from judgment of C. P. No. 3, Allegheny Co., Aug. T., 1906, No. 143, on verdict for plaintiff in case of Mary K. Malone v. William T. Pierce. Before BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for injury to land by failure to provide sufficient lateral support. Before EVANS, J.

At the trial it appeared that the defendant, W. T. Pierce, was president of the Elizabeth Land Improvement Company. The company owned land adjoining that of the plaintiff. The corporation planned to erect a new building on its own land. There was evidence that the defendant, acting for his company, agreed with the plaintiff that the corporation in the excavation for the new building should take the dirt out in small sections, and that the new wall should be constructed as these small sections of dirt were taken out, so that the wall of the plaintiff's building would not be injured. There was evidence that the defendant failed to carry out the agreement, and that the dirt was removed all at once, as a result of which the plaintiff's wall fell.

The defendant presented the following point:

If W. T. Pierce, the defendant, acted throughout as the agent of the land company, he cannot be held liable for any damage done to plaintiff's building, even though he may have taken the supervision of the work of removing the slope of earth out of the hands of the contractor, and even though he may have omitted to take necessary precautions to protect plaintiff's wall and have excavated in an improper manner, unless there was a willful and malicious intent on his part to injure the plaintiffs, the verdict must be for the defendant. *Answer:* Refused. [3]

Verdict and judgment for plaintiff for $13,505.89. Defendant appealed.

*Errors assigned* were (1) refusal of binding instructions for defendant and (3) refusal of point as above, quoting it.

*W. B. Rodgers*, with him *R. H. Jackson*, for appellant.— The agreement was a nudum pactum: Frauenthal v. Derr, 13 W. N. C. 485; Dutton's Estate, 181 Pa. 426; Kirkpatrick v. Muirhead, 16 Pa. 117.

There was no individual liability of the defendant: Delaney v. Rochereau, 34 La. Ann. 1123 (44 Am. Rep. 456); Baird v. Shipman, 132 Ill. 16 (23 N. E. Repr. 384); Frauenthal v. Derr, 13 W. N. C. 485; New York & Washington Printing Tel. Co. v. Dryburg, 35 Pa. 298.

*James Balph*, with him *R. A. Balph* and *Thomson & Thomson*, for appellee, cited: Sheldon v. S. S. Uncle Sam, 18 Cal. 526; Whittenton Mfg. Co. v. Memphis, etc., Packet Co., 21 Fed. Repr. 896; Stock v. Boston, 149 Mass. 410 (21 N. E. Repr. 871); Larson v. Ry. Co., 110 Mo. 234 (19 S. W. Repr. 416).

OPINION BY MR. JUSTICE ELKIN, May 8, 1911:

This is an action ex delicto against defendant as an individual and not as agent or representative of the corporation of which he was president at the time of the occurrences about which complaint is made. It is true that in the averments of the declaration he is referred to as agent of the land company in conducting the negotiations with the Malones. But this may very properly be treated as a recital of the facts relied on to show that there was a verbal agreement between the parties requiring the excavation to be made in a particular manner, and if such an agreement was made by appellant acting for and representing the land company as its president, he would be affected with notice of its provisions not only as an officer of the company but as an individual as well. In the view

we take of this case it is not important to discuss the question whether the so-called agreement was a mere nudum pactum as is contended by appellant. Without reference to an express contract of any kind, appellant owed certain duties to the adjoining landowner. If one in the exercise of his own rights of property injure his neighbor he is liable in damages if the injury resulted from wilful, wanton or negligent conduct. This rule is everywhere recognized. The right to lateral support is limited to the land itself in its natural condition, and there can be no recovery for injuries to buildings or improvements resulting from the withdrawal of such support, in the absence of proof of negligence or carelessness in making the excavation: McGettigan v. Potts, 149 Pa. 155; Matulys v. Coal & Iron Company, 201 Pa. 70. If, however, the excavations are made in a careless and negligent manner and the buildings of the adjoining owner are thereby injured the party so negligently making such excavation may under certain circumstances be held liable in damages to the extent of the injury suffered: Hannicker v. Lepper, 6 L. R. A. (N. S.) 243; Larson v. Railway Company, 16 L. R. A. 330. In the case last cited, Mr. Justice BARCLAY, in delivering the opinion of the Supreme Court of Missouri, said: "If defendant notified plaintiff that a certain mode of proceeding was to be pursued and thus led him to act upon that hypothesis and refrain from taking steps which would otherwise have been necessary and prudent to insure the safety of his property, the risk of injury to the plaintiff in the premises imposed on the defendant the duty towards him of conforming to the plan of work of which it had advised him, or to reasonably notify him of a change in that plan in season to admit of his adopting protective measures of his own." We think this is a sound rule. There are certain reciprocal duties which adjoining landowners owe to each other and in no class of cases should these reciprocal rights and duties be more carefully guarded than when excavations are to be made as in the case at bar. Of course, the land company had the

right to make the excavation on its own lot and was acting within its legal rights in so doing. However, in the assertion of its own rights the duty rested upon it not to carelessly or negligently injure the property of its neighbor. The land company was under no legal obligation to support the brick wall and buildings belonging to appellee whose duty it was to support and protect her own buildings. In such a situation the parties undertook to do the wise and prudent thing by agreeing how the work should be done. There is some dispute as to whether such an agreement was in fact made and the learned trial judge submitted this question to the jury who found in favor of the appellee. However, if no valid binding agreement had been entered into by the parties, but only a promise made by the excavator to do the work in a particular way regarded by both owners as safe, and this promise was relied on by appellee, and afterwards without notice of a change in the plan appellant proceeded to make the excavation in some other way proven to be unsafe, he could not then be heard to say that no liability for damages attached to him because the primary duty rested on appellee to protect her own property. Under such circumstances appellee had the right to rely on the promise thus made and refrain from doing what otherwise might have been regarded as necessary to protect her property. In this view of the case the verbal agreement between the parties only becomes important as showing the method agreed upon for making the excavation in a safe manner. We have discussed the same question in another opinion this day handed down. See Cooper v. Altoona Construction Company, post, p. 557.

It is also argued that the suit should have been brought against the corporation, the owner of the lot in which the excavation was made. The suit might have been so brought and there is nothing in the record to indicate why this was not done. We cannot agree that the right of action existed only against the land company and that there is no cause of action against appellant. If appellant

as the agent or representative of the land company made the agreement relied on, he was presumed to know its terms, and this imposed upon the company and upon appellant the duty of doing the work in the manner agreed upon, or to give reasonable notice of a change of plans. If on the other hand there was a positive agreement supported by a sufficient consideration to do the work so as to protect the property of appellee, this would be binding upon the parties. This was the theory upon which the case was tried in the court below, and certainly this gave appellant advantage of all he was entitled to. If he subsequently of his own volition and without authority from the corporation changed the method of doing the work he exceeded the authority of his principal and would be answerable in damages for any injuries resulting from acts done in excess of his authority. The evidence is sufficient to submit to the jury on the question of wilful and wanton negligence on the part of appellant. The case was tried on its merits and we are not convinced that any reversible error was committed in its submission to the jury.

Judgment affirmed.