# Cooper *v.* Altoona Concrete Construction & Supply Company, Appellant.

*Appeals—Assignments of error—Unnecessary assignments.*

1. Assignments of error should be confined to the substantial and material questions necessary to a proper determination of the issues in controversy. Two assignments should never be made when one will cover the ground.

*Lateral support—Promise of care—Charge of court.*

2. In an action to recover damages for injuries to a building resulting from an excavation made by the defendant on an adjoining lot, where it appears that the defendant before he made the excavation promised that he would be particularly careful and guard plaintiff's wall, such promise is no justification for an instruction to the jury that the law would impose on the defendant the duty of unusual caution and care in making the excavation.

3. An owner of land cannot disturb the land of the adjoining owner by withdrawing lateral support, but if he does, the damages resulting will only be for the injury to the land, and not to the building. If the excavator has made a promise to be very careful he has no higher duty to perform than his promise implies, and the law does not impose upon him the duty of unusual caution and care.

4. The excavator is not answerable in damages unless the excavating was done in a negligent and careless manner, or unless the plaintiff was misled to his injury by the promise of the defendant to do the work in a particular manner. In either event it is for the jury to say whether under all the facts and circumstances the excavating was done in a

negligent and careless manner, and if so, did the wall fall as a result of that negligence.

5. If the excavator changes the plan promised without giving ample notice to the adjoining owner, he takes the chances of having a jury say he was negligent under the circumstances.

Argued April 17, 1911. Appeal, No. 240, Jan. T., 1910, by defendant, from judgment of C. P. Blair Co., June T., 1910, No. 123, on verdict for plaintiff in case of Lloyd Cooper v. The Altoona Concrete Construction and Supply Company. Before Brown, Mestrezat, Potter, Elkin and Moschzisker, JJ. Reversed.

Trespass to recover damages for injuries to a building and its contents. Before Baldridge, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $1,686.45. Defendant appealed.

*Errors assigned* were (1–35) various rulings and instructions sufficiently appearing by the opinion of the Supreme Court.

*Thomas H. Greevy* and *A. V. Dively*, with them *E. G. Brotherlin*, for appellant.—In order to recover there must be want of due care or skill or positive negligence. Matulys v. Coal & Iron Co., 201 Pa. 70; McClelland v. Schwerd, 32 Pa. Superior Ct. 313.

Where weighty structures contribute to the injury there can be no recovery: Richart v. Scott, 7 Watts, 460; Shultz v. Byers, 53 N. J. Law, 442 (13 L. R. A. 569). Transportation Co. v. Chicago, 99 U. S. 635.

Lateral support extends to ground only in its natural state: McGettigan v. Potts, 149 Pa. 155; Schultz v. Byers, 53 N. J. Law, 442 (13 L. R. A. 569); Gildersleeve v. Hammond, 109 Mich. 431 (33 L. R. A. 46).

The landowner must protect his own buildings.

*Thomas C. Hare,* for appellee.—We concede the rule that

an owner of land is entitled to lateral support for his ground in its natural state and does not include such support for the protection of buildings, or other structures placed upon it. That rule, however, applies only in case of an excavation made "without negligence" and "with ordinary care and skill" and is subject to the qualification that one excavating upon his own land shall use ordinary care to cause no unnecessary damage to his neighbor's property in so doing: McGettigan v. Potts, 149 Pa. 155; Matulys v. Coal & Iron Co., 201 Pa. 70; Hennicker v. Lepper, 6 L. R. A. (N. S.) 243; Dunlap v. Wallingford, 1 Pitts. 127; Larson v. Railway Co., 110 Mo. 234 (16 L. R. A. 330).

OPINION BY MR. JUSTICE ELKIN, May 8, 1911:

This is an action of trespass to recover damages for injuries to a building and its contents resulting from an excavation made by appellant on an adjoining lot. At the outset attention of counsel is called to the numerous, and, as we view it, unnecessary multiplication of specifications of error. There are thirty-five assignments which is perhaps six times as many as really necessary to raise all the legal questions involved here. The aim of our system of pleading and practice is to reduce all matters in controversy between contending parties to simple definite issues. When appeals are taken to this court the assignments should be confined to the substantial and material questions necessary to a proper determination of the issues in controversy, the fewer the better. Two assignments should never be made when one will cover the ground. It is scarcely possible to think of a case of this character in which it is necessary to assign thirty-five errors in order to bring to the attention of this court the real questions relied on by an appellant. The multiplication of assignments weakens rather than strengthens a case.

We do not agree that judgment non obstante veredicto upon the whole record should have been entered for defendant by the learned court below as is contended by appellant.

This was a case for the jury and we are only concerned to know whether it was properly submitted. It will be impossible to discuss all of the assignments without unduly prolonging the opinion. We have concluded that the judgment should be reversed and will indicate in a general way our reasons for reaching this conclusion. The whole case turns upon the instruction given by the learned trial judge as to a promise alleged to have been made by an officer of the appellant company to the appellee, an abutting owner, concerning the protection of his wall while the excavating was being done. This promise was as follows: "We are going to be very careful. We are going to take it out in sections and shore it up as we go along. We don't want to have any accident and don't want to kill anybody and will be very careful." In instructing the jury as to this question the learned trial judge said: "If such a promise was made by Mr. Brandt that he would be particularly careful and guard his wall then the law would impose on him a duty of unusual caution and care; more than ordinary caution and care, unusual caution and care." This instruction was substantially repeated in several parts of the charge and taken in connection with the manner in which the whole case was tried and submitted to the jury, constitutes in our opinion, reversible error. We agree with the contention of the learned counsel for appellant that in the absence of this promise it is doubtful whether there could be a recovery for injuries to the buildings and other property resulting from the withdrawal of lateral support because of the lack of affirmative evidence tending to show actual negligence. There is no difficulty about the general rules of law applicable to such cases. The owner of the lot on which the excavating was done had the unquestioned right to do, or have done, all that was done. He could not disturb the land of the adjoining owner by withdrawing lateral support, but if he did, the damages resulting would only be for injury to the land and not to the building. Cooper was bound in law to support and protect his own building. The excavator on

the adjoining lot was only bound to use due care so as not to negligently or carelessly inflict an injury upon the property of his neighbor. However, in all such cases, there are reciprocal duties which the adjoining owners owe to each other. These rights and duties should be carefully guarded in order that each owner while in possession and enjoyment of his own property shall have due regard for the rights of his neighbor. When excavations are to be made under such circumstances, it is both wise and prudent that the adjoining owners should agree as to the manner in which the excavating shall be done, in order that each may enjoy his own rights and protect his own property. If, then, the excavator make a promise to the adjoining lot owner that he will excavate in a certain way, and this method is satisfactory to both parties, it is not placing any undue burden upon him to require it to be done in that way, or at least to give notice if the plan agreed upon be changed, so that the adjoining owner may have the opportunity of taking the necessary steps to protect his property. We agree, therefore, with the learned court below that the appellee so far as he had any duty to perform had a right to rely under the circumstances on the promise thus made. The promise, however, did not place upon appellant a greater burden than he voluntarily assumed. The promise was to be careful and excavate in sections and shore up as the work proceeded. He was not bound to do anything more than he promised and had no higher duty to perform than his promise implies. The instruction of the trial judge to the effect that in view of his promise the law imposed upon him the duty of unusual caution and care was erroneous. It might have misled the jury. He might have done all he promised to do and still the building of appellee might have fallen. If so, there would be no liability in damages. But under the instruction the jury might have concluded that his duty required him to take such unusual caution and care as to prevent the wall from falling under any circumstances. The mere fact that the wall fell did not in itself create a liability on

the part of appellant to pay damages for injuries thus resulting. It might have fallen even if the work had been done as appellant promised to do it. This might have resulted from defects in the wall, or in the foundation, independently of any negligent act on the part of appellant, or without reference to the failure to excavate in the manner promised, and if so, there could be no recovery because the negligence complained of, or the failure to do the work in the manner promised which is the same thing, would not under such circumstances be the cause of the injury. All of these things are for the jury under proper instructions from the court. Appellant is not answerable in damages unless the excavating was done in a negligent and careless manner, or unless appellee was misled to his injury by the promise of appellant to do the work in a particular manner. In either event it is for the jury to say whether under all the facts and circumstances the excavating was done in a negligent and careless manner, and if so, did the wall fall as a result of that negligence? The adjoining owner in every such case must take the necessary steps to protect his own buildings, or he must agree with the excavator on a method of doing the work which will answer the same purpose. If the parties agree as to the method of excavating, and this method is followed by the excavator, and the adjoining wall, notwithstanding the method agreed upon, falls, the excavator would be relieved from damages. If the excavator change the plan promised without giving ample notice to the adjoining owner, he takes the chances of having a jury say he was negligent under the circumstances. A review of the record convinces us that the rights and duties of the parties were not clearly set forth in the charge to the jury, and a higher duty was imposed upon the appellant than the law requires. We do not pass upon the merits of the numerous assignments of error for the reason that they relate to incidents of the trial and can be corrected, if need be, when the case is again tried.

Judgment reversed and a venire facias de novo awarded.