# Cooper *v.* Altoona Concrete Construction & Supply Company, Appellant.

*Lateral support—Negligence—Special agreement—Excavation in a certain way.*

1. An excavation made by an adjoining owner in such a manner as to remove the lateral support of the contiguous lot, causing it, unburdened by any buildings or structures of any character, to fall into the excavation, subjects the former to liability for the resulting injury irrespective of the degree of care he may have exercised in making the excavation.

2. If there are buildings on the adjoining lot, and the lateral support is carelessly or negligently removed, and their contents are destroyed or damaged, the person who negligently or carelessly removes such support may be liable for all the damages sustained.

3. If the person who is about to remove the lateral support agrees with the adjoining owner upon a method of such removal, and then changes to some other method, without notice to the other party, and damages result to the adjoining buildings and property, proof of such agreement and its violation furnishes evidence of negligence, and may render the excavator liable for all of the damages resulting.

4. Where a person in making an excavation on his own lot does it in such a manner as to throw down a building on his neighbor's lot, the latter is entitled to damages for injuries to his building, for the loss and injury to the goods therein, for the rental value of the building during the time necessary to reconstruct it, and for expenses in making temporary repairs to save his goods from further injury.

5. If the plaintiff's foundation is not as good as it ought to have been, and his building is destroyed by the negligent conduct of the defendant, still the plaintiff may recover in proportion to the loss actually suffered where the jury finds that the injury to the building and contents was the consequence of the defendant's negligence.

*Practice, C. P.—Trial—Manner of taking verdict—Damages for delay—Interest.*

6. Where in an action to recover damages for injuries to a building and its contents caused by negligent excavation on the defendant's land, the jury returns a verdict with interest from a date stated, but without computing the interest, and the trial judge refuses to take the verdict in this form, but submits to them a sum made up of the principal and interest computed, and asks the jury if this is satisfactory to them, and if that is their verdict, and the jury answers in the affirmative, and the verdict is taken and recorded, the verdict will stand, if the jury had been previously instructed that they could add to the damages, an amount for delay, not more than legal interest.

*Practice, C. P.—Trial—Points.*

7. The refusal of plaintiff's counsel to deliver to opposing counsel copies of written points presented to the trial judge, and the refusal of the judge to require the points to be presented and discussed in the presence of the jury, are not grounds for reversing the judgment.

*Trial—Charge of court—Mistake.*

8. An inadvertent mistake by the trial judge in using one word for another, is not ground for reversal where the mistake does not clearly affect the jury, and counsel do not call the judge's attention to the matter at the time.

9. A party may not sit silent and take his chances of a verdict, and then if it is adverse, complain of a matter which, if an error, would have been immediately rectified, and made harmless.

Argued Dec. 31, 1912.   Appeal, No. 211, Oct. T., 1912, by defendant, from judgment of C. P. Blair Co., June T., 1910, No. 123, on verdict for plaintiff in case of Lloyd Cooper v. Altoona Concrete Construction & Supply Company.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ.   Affirmed.

Trespass to recover damages for injury to a building and its contents, caused by alleged negligent excavation on defendant's lot.   Before BALDRIDGE, P. J.

At the trial the court admitted under objection and exception evidence as to the rental value of the building, and damages to the contents thereof.   [1–7]

The court charged in part as follows:

[The defendant, on the other hand, contends that this stone wall was built upon a loose foundation; that the ground contained ashes and soft muck, and that the plaintiff, when he constructed the wall, neglected to go down to the slate or a hard foundation, and that the wall also was built over a privy vault that used to be there, and that the wall was what is known as a frost wall; that it was not faced; that the stones were thrown in without any or at least sufficient mortar; that it was a poorly constructed wall, and was one which was intended to support a building which had ground on both sides.   The plaintiff, however, says that mortar was used, and that the wall was a good wall, adequate to support this building.   The defendant further contends that the wall was built upon this eighteen-inch stone wall, was a nine-inch brick wall, that it was a perfectly straight wall, without being tied on either end or returns being used, and that the joists on the inside were not tied up in a workmanlike manner in order to give this brick wall, support; that that was in-

dicated when the building fell and that the building falling was due to this loose ground, and to the insufficient walls that supported the building, and the general unworkmanlike and unskillful construction of the building.   .

It is unnecessary for me to review all the testimony as to the condition of the ground and the building.   You heard the testimony of the plaintiff and of the contractors in regard thereto, and you heard the testimony of the defendant and his witnesses respecting it.] [15]

[The plaintiff also testifies that he sustained damages by reason of the loss of certain dolls and toys, merchandise that were in his store, that fell out into the open foundation at the time of the building slipping and falling away, and that his loss in that connection was $1,240, as I recollect, and that he was deprived of the use of this building which was about $200 a month, for a period of from two to three months, and another item of $40.00 for cleaning up and incidental losses that he sustained by reason of this collapse.] [16]

Defendant presented these points:   ,    .

9. If the jury believe that the weighty erection of the stone and brick walls on the Cooper property, on made ground, was the cause of, or contributed to, the collapse, then plaintiff cannot recover. *Answer:* That point, as put, is denied. [19]   ·

10. Before there can be a recovery by the plaintiff in this case, he must show that his own building was completed in a substantial and workmanlike manner prior to the defendant's excavation, and if any negligence can be imputed to the plaintiff in the construction of his wall, he was guilty of contributory negligence and the verdict must be for the defendant. *Answer:* Denied. [20]

Counsel for defendant ask that the verdict be recorded as read.

The Court: We will refuse to do so.   Gentlemen, you say $1,000, with interest from March 30, 1907?   Interest has been calculated on the $1,000, from March 30, 1907, to the present day, and amounts to $289.30,   With your

permission, we will add the $289.30 to the $1,000. That will make it $1,289.30, with interest from this day. Is that satisfactory to you, and is that your verdict? Take the verdict for $1,289.30.

Counsel for defendant asks for an exception, and that verdict as recorded was for $1,000, and that amended by the court was for $1,289, and we ask for an exception. [25]

Verdict and judgment for plaintiff for $1,289.30. Defendant appealed.

*Errors assigned* were (1–7) rulings on evidence, quoting the bill of exceptions; (15, 16, 19, 20, 25) above instructions, quoting them.

*Thomas H. Greevy* and *A. V. Dively*, for appellant. —Plaintiff was guilty of contributory negligence: Richart v. Scott, 7 Watts, 460; Myers v. Winters, 23 Pitts. Leg. J. 66; Neissinger v. Stillwell, 1 W. N. C. 269; Dunlap v. Wallingford, 1 Pitts. 127; Irvine v. Smith, 204 Pa. 58.

Where weighty structure contributes to injury there can be no recovery: Northern Transportation Co. v. Chicago, 99 U. S. 635.

Jury added interest on the damages. This was wrong. Rothwell v. California Boro., 21 Pa. Superior Ct. 234; Shevalier v. Postal Tel. Co., 22 Pa. Superior Ct. 506; Emerson v. Schoonmaker, 135 Pa. 437; McGonnell v. Rys. Co., 234 Pa. 396.

If there was no actual negligence shown when the case was first tried, there surely was none shown in the present trial and the whole right to recovery therefore hinges on this alleged promise of Brandt to excavate in sections. If Brandt had kept his promise and the building fell notwithstanding, then there can be a recovery: Malone v. Pierce, 231 Pa. 534; Matulys v. Coal & Iron Co., 201 Pa. 70; McClelland v. Schwerd, 32 Pa. Superior Ct. 313; McMullen v. Union Drawn Steel Co., 47 Pa. Superior Ct. 570.

*Thomas C. Hare*, for appellee.—Defendant was liable for

negligence: Malone v. Pierce, 231 Pa. 534; Fyfe v. Turtle Creek Borough, 22 Pa. Superior Ct. 292; Jones v. Greenfield, 25 Pa. Superior Ct. 315; McClelland v. Schwerd, 32 Pa. Superior Ct. 313; Witherow v. Tannehill, 194 Pa. 21; Spohn v. Dives, 174 Pa. 474.

If the excavator changed the plan promised, without giving ample notice to the adjoining owner, he takes the chances of having a jury say he was negligent under the circumstances: Cooper v. Altoona Concrete Cons. and Supply Co., 231 Pa. 557; Malone v. Pierce, 231 Pa. 534; Larson v. Ry. Co., 16 L. R. A. 330.

Defendant was guilty of actual negligence: Dodd v. Holme, 1 Ad. & El. 493; Shafer v. Wilson, 44 Md. 268; Gildersleeve v. Hammond, 33 L. R. A. 46.

The form of the verdict was proper: Henning v. Keiper, 37 Pa. Superior Ct. 488; Rottmund v. R. R. Co., 225 Pa. 410; Hewitt v. R. R. Co., 19 Pa. Superior Ct. 304; Herron v. Jones & Laughlin Co., 23 Pa. Superior Ct. 226.

OPINION BY MORRISON, J., February 27, 1913:

This is an action of trespass to recover damages for injuries to the plaintiff's building and its contents resulting from an excavation made by the appellant on an adjoining lot. This is the second trial and appeal in the case by the defendant. The first judgment was for a sum in excess of the jurisdiction of this court and the appeal was to the Supreme Court where the judgment was reversed, on a single ground, in an opinion by Mr. Justice ELKIN (Cooper v. Altoona C. C. & S. Co., 231 Pa. 557). Although in that appeal the appellant's counsel presented thirty-five assignments of error, the Supreme Court refused to discuss them in detail and reversed the judgment for the following reasons: "The whole case turns upon the instruction given by the learned trial judge as to a promise alleged to have been made by an officer of the appellant company to the appellee, an abutting owner, concerning the protection of his wall while the excavating was being done. This promise was as follows: 'We are going to be very careful.

We are going to take it out in sections and shore it up as we go along.  We don't want to have any accident and don't want to kill anybody and will be very careful.'  In instructing the jury as to this question the learned trial judge said: 'If such a promise was made by Mr. Brandt that he would be particularly careful and guard his wall then the law would impose on him a duty of unusual caution and care; more than ordinary caution and care, unusual caution and care.'  This instruction was substantially repeated in several parts of the charge and taken in connection with the manner in which the whole case was tried and submitted to the jury, constitutes, in our opinion, reversible error."  We further quote from the opinion of Mr. Justice ELKIN: "If, then, the excavator made a promise to the adjoining lot owner that he will excavate in a certain way, and this method is satisfactory to both parties, it is not placing any undue burden upon him to require it to be done in that way, or at least to give notice if the plan agreed upon be changed, so that the adjoining owner may have the opportunity of taking the necessary steps to protect his property.  We agree, therefore, with the learned court below that the appellee so far as he had any duty to perform had a right to rely under the circumstances on the promise thus made. . . .  All of these things are for the jury under proper instructions from the court.  Appellant is not answerable in damages unless the excavating was done in a negligent and careless manner, or unless appellee was misled to his injury by the promise of appellant to do the work in a particular manner.  In either event it is for the jury to say whether under all the facts and circumstances the excavating was done in a negligent and careless manner, and if so, did the wall fall as a result of that negligence?  The adjoining owner in every such case must take the necessary steps to protect his own buildings, or he must agree with the excavator on a method of doing the work which will answer the same purpose.  If the parties agree as to the method of excavating, and this method is followed by the excavator, and the

adjoining wall, notwithstanding the method agreed upon, falls, the excavator would be relieved from damages. If the excavator change the plan promised without giving ample notice to the adjoining owner, he takes the chances of having a jury say he was negligent under the circumstances."

Now when we remember that the case Mr. Justice Elkin was considering was an action of trespass to recover damages for injuries to a building and its contents resulting from an excavation made by appellant on an adjoining lot, we have no difficulty in concluding that the opinion from which we have been quoting furnished a safe guide for the trial of the present case.

It must be conceded that an owner of land is by the law of nature entitled to lateral support for his soil, but not for buildings erected thereon. We understand the law to be that an excavation made by an adjoining owner in such a manner as to remove the lateral support of the contiguous lot, causing it, unburdened by any buildings or structures of any character, to fall into the excavation, subjects the former to liability for the resulting injury, irrespective of the degree of care he may have exercised in making the excavation: Washburn on Easements & Servitudes, p. 582; Malone v. Pierce, 231 Pa. 534; Cooper v. Altoona C. C. & S. Co., 231 Pa. 557. "It is well settled that, where the owner of a lot builds upon his boundary line and the building is thrown down by reason of excavations made upon the adjoining lot (in the absence of improper motive and carelessness in the execution of the work), no recovery can be had for the injury done to the building:" McGettigan v. Potts, 149 Pa. 155. "As this right of lateral support is limited to the land itself in its natural condition, there can be no recovery for injuries to buildings or improvements resulting from the withdrawal of such support in the absence of proof of negligence or carelessness in excavating or mining on the adjoining land:" Matulys v. P. & R. Coal & Iron Co., 201 Pa. 70. See also the opinion of Mr. Justice Elkin in

Malone v. Pierce, 231 Pa. 534, where it is distinctly stated that if the excavations are made in a careless and negligent manner and the buildings of the adjoining owner are thereby injured, the party so negligently making such excavation may under certain circumstances be held liable in damages to the extent of the injuries suffered: Hannicker v. Lepper, 6 L. R. A. (N. S.) 243; Larson v. Ry. Co., 16 L. R. A. 330. In the case last cited Mr. Justice BARCLAY, in delivering the opinion of the supreme court of Missouri, said: "If defendant notified plaintiff that a certain mode of proceeding was to be pursued and this led him to act upon that hypothesis and refrain from taking steps which would otherwise have been necessary and prudent to insure the safety of his property, the risk of injury to the plaintiff in the premises imposed on the defendant the duty towards him of conforming to the plan of work of which it had advised him or to reasonably notify him of a change in that plan in season to admit of his adopting protective measures of his own."

When this case was before the Supreme Court, Mr. Justice ELKIN, speaking for that court, said: "The excavator on the adjoining lot was only bound to use due care so as not to negligently or carelessly inflict an injury upon the property of his neighbor." Many of the cases decide and all of them which we have examined either decide or clearly imply that if the lateral support is carelessly or negligently removed and the buildings of the adjoining owner and their contents are destroyed or damaged, the person who negligently or carelessly removed such support may be liable for all of the damages sustained. And the cases are equally clear in support of the doctrine that if the person who is about to remove the lateral support agrees with the adjoining owner upon a method of such removal and then changes to some other method, without notice to the other party, and damages result to the adjoining buildings and property, proof of such agreement and its violation furnishes evidence of negligence and may render the excavator liable for all of the damages

resulting. The true doctrine in this class of cases is recognized by this court in Fyfe v. Turtle Creek Borough, 22 Pa. Superior Ct. 292, where the opinion was written by PORTER, J., and that case by clear implication is authority for the doctrine that where an excavation is negligently made the excavator may be liable for damages to the adjoining lands and to the buildings.

In the present case we think there was ample evidence to convict the defendant of not only careless and negligent acts in removing the lateral support but also of violating its promise made to the plaintiff as to the manner of the removal and the support of the plaintiff's wall, and also of the fact that in making the excavation the defendant excavated over and upon plaintiff's land seven and one-half inches and to the depth of five or six feet below the bottom of the plaintiff's foundation wall. We conclude that the jury probably did find against the defendant on all of the above-mentioned points. If it be true that the defendant excavated upon the plaintiff's land a strip seven and one-half inches wide and even extending under his foundation wall, it is idle to argue that there is no evidence of negligence on the part of the defendant. And so it may be said, if it was a fact that the defendant did not make the excavations in sections and lay up the wall in sections and shore the plaintiff's wall and building as it promised to do, then it would be idle on this ground to contend that there is no evidence of negligence.

We do not consider it necessary to discuss the question of the liability of the defendant for the damage to the contents of the plaintiff's building if it was thrown down by the negligence and carelessness of the defendant. Surely if the building was destroyed by the defendant's negligence and a direct result of the destruction was loss and damage to the plaintiff's goods he would be entitled to compensation therefor. The plaintiff claimed damages to his building, for the loss and injury to the goods therein, the rental value of the building during the time necessary to reconstruct it and a small sum for expenses in making

temporary repairs to save his goods from further injury. In our opinion all of these items were, under the evidence, for the consideration of the jury. These claims were not speculative, and if the jury found that plaintiff's losses were the direct result of the negligence of the defendant, we think the evidence shows that such losses were chargeable to the alleged negligence. It may be noted that the jury did not allow much more than one-half of the alleged damages to the building, and it would be mere speculation to attempt to account for the size of the verdict. If the defendant was properly held liable for the collapse of the building, then the verdict is much less than it might have been under the evidence, and the defendant has no just cause of complaint as to the amount of the judgment.

One of the strong contentions of the appellant's learned counsel is based upon their fifth point which raised the question that if the plaintiff erected his building upon an insufficient foundation and that this faulty foundation contributed to the collapse of the building in any degree, then there can be no recovery and the verdict must be for the defendant. This point was refused by the court. We think the appellant's counsel failed to note the important distinction that the jury was instructed that the plaintiff could not recover unless the injury he suffered was caused by the negligence and carelessness of the defendant in making the excavation. It is very clear that if the plaintiff's foundation was not as good as it ought to have been and his building was destroyed by the negligent conduct of the defendant, still the plaintiff might recover in proportion to the loss actually suffered where the jury finds that the injury to the building and contents was the consequence of the defendant's negligence. This doctrine was held in Dodd v. Holme, 1 Ad. & El. 493. In Shafer v. Wilson, 44 Md. 268, the court said: "Although the plaintiff's house be in a bad condition, the defendant has no right to hasten its fall by making improvements on his own lot in a careless and negligent manner." But on this point we think the learned trial judge very carefully

guarded the defendant's rights in the charge to the jury as follows: "If this building collapsed owing not to the defendant's negligence, but to the insecure foundation or the building construction, as contended by this defendant, and there was no agreement, as testified to by the defendant, and even if there was such an agreement, and the defendant complied therewith, then there can be no recovery, except, possibly for nominal damages, which we will explain hereafter." Evidently the nominal damages to which the court referred related to the removal of the soil of plaintiff's lot. It would therefore seem that the learned trial judge in instructing the jury upon this question went to the limit and told the jury in plain terms that if the building collapsed on account of faulty construction and not because of the negligence of the defendant, then there could be no recovery for the building and its contents.

It is contended that the judgment ought to be reversed on account of the manner of the taking of the verdict of the jury. In the general charge the jury was instructed that, if they concluded that the plaintiff had sustained damages and that the defendant was liable therefor, they might take into consideration the fact that some time had elapsed since the damages were sustained and add a reasonable sum to the amount of damages which they believed the plaintiff had sustained, but such an amount should not be more than legal interest upon the said damages. The jury returned a verdict awarding the plaintiff $1,000, with interest from March 30, 1907. The trial judge refused to receive this as the verdict of the jury because the interest was not computed and a total sum named. He did, however, submit to the jury whether the sum of $1,289.30 was satisfactory to them and if that was their verdict. The jury answered in the affirmative and the verdict was taken and recorded by the court. "The only verdict is that which the jury announces orally and which alone is received and recorded as the jury's finding:" Henning v. Keiper, 37 Pa. Superior Ct.

488. To the same effect is Rottmund v. Penna. R. R. Co., 225 Pa. 410. We therefore conclude that the written memorandum brought in by the jury cuts no figure in the case, but we have to deal with the verdict as it was taken and recorded with the oral consent of the jury. Now it appears from the charge that the judge instructed the jury before they retired that they might add a reasonable sum to the amount of the damages but such sum should not be more than interest upon the damages. It is not reasonable to suppose that the jury understood this as a binding instruction to add legal interest. We think the language used by the judge would be understood by the jury that they could add less than legal interest, and when the jury assented in open court to have the sum allowed for the detention of the damages computed at six per cent they clearly indicated their desire to add six per cent. It is not and cannot be contended that the jury did not have the power to allow six per cent for the detention of the damages which they had found the plaintiff suffered by reason of the negligence of the defendant. We do not think any of the cases require a reversal of the judgment for the reasons just referred to.

We think the charge of the court contains clear and accurate instructions to the jury upon all of the questions necessary for a proper consideration of the case and we have given the twenty-six assignments of error careful consideration and in our opinion they do not raise reversible error.

The refusal of the plaintiff's counsel to deliver to the opposing counsel copies of the written points presented to the trial judge and the refusal of the latter to require the points to be presented and discussed in the presence of the jury gives ground for the thirteenth and fourteenth assignments of error. We consider it entirely within the discretion of the trial judge whether or not the jury shall be present while the points are being discussed and considered. Written points are for the consideration of the

trial judge, and if he reads such points as he affirms to the jury and files those that he refuses with his rulings and exceptions which may be taken, then nothing more can be required of him. Some judges read to the jury all of the points with the answers thereto, while others only read to the jury such as they affirm. We here remark that when counsel present to the trial judge written points for instructions, ordinary courtesy would seem to suggest that copies of the same should be handed to the opposing counsel, and if that had been done it is probable that considerable contention in the present case would have been obviated.

Appellant's counsel contend that the trial judge erred in using the word "agreement" instead of "promise" in referring in the charge to the promise of the defendant made through its officer, Mr. Brandt, as to the method defendant would adopt in making the excavation. The evidence was that the defendant "promised," and it is very evident that the use of agreement by the trial judge was an inadvertent mistake and we cannot believe that calling it an agreement instead of a promise did the defendant any harm. But be that as it may, if counsel thought this mistake might injure their client they should have called the attention of the judge to his evident slip and we cannot doubt, if that had been done, he would at once have corrected his error.

"A party may not sit silent and take his chances of a verdict, and then if it is adverse, complain of a matter which, if an error, would have been immediately rectified and made harmless:" Com. v. Razmus, 210 Pa. 609; Penna. R. R. Co. v. Donora S. R. R. Co., 219 Pa. 361; Slavin v. North Cambria St. Ry. Co., 47 Pa. Superior Ct. 454.

The assignments of error are all dismissed and the judgment is affirmed.

PORTER, J., dissents.