## Loeffler v. McShane

*Harry Agzigian*, for plaintiff Loeffler.

*Jeffrey Garton,* for defendants Edward and Rosemary McShane.

*William T. Renz,* for additional defendant First American.

*Joseph Caracappa,* for additional defendants Eastern Abstract Inc. and Charles Zone.

*Marvin Portney,* for additional defendant Frieda McShane.

*Stephen McShane* and *McShane Realty* appeared pro se.

KELTON, *J.,* June 19, 1987 — At issue in this case is whether additional defendant Charles Zone, a corporate officer of a title insurance abstract company, may be held to be individually liable to mortgagors for losses suffered by them when he permitted mortgage re-finance settlement funds intended to satisfy a mortgage to be diverted to an *agent* of the mortgagees, rather than to be paid directly to the mortgagees.

This action of mortgage foreclosure was filed after a series of events in which original defendants and mortgagors, Edward and Rosemary McShane, sought to refinance a mortgage on a property owned by them and located at 1538 Super Highway, Middletown Township, Bucks County, Pa. The original plaintiffs in this action were Joseph and Margaret Loeffler, holders of the first mortgage on the property. Joseph Loeffler has died since the commencement of this lawsuit, and his interest in the litigation has passed to his widow, Margaret Loeffler.

Intending to refinance the Loeffler mortgage, Mr. and Mrs. McShane decided to borrow $61,500 from Heritage Bond and Mortgage Company. These funds were to be used in part to satisfy the

McShane's mortgage to the Loefflers. The amount due thereon was approximately $49,900.

The McShanes requested additional defendant, Eastern Abstract Inc., an agency of additional defendant, First American Title Insurance Company, to provide title insurance. The title insurance was to be issued with First American as the insurer and the settlement to be conducted by First American's agent, Eastern Abstract. Settlement was held on January 19, 1979 at the offices of Eastern Abstract.

At settlement, Eastern Abstract did not secure a pay-off statement from the mortgagee-plaintiffs, the Loefflers; instead, it secured a statement from defendant, Edward McShane, one of the mortgagors. Then, when the proceeds of settlement were distributed by Eastern Abstract, the check to pay off the original Loeffler mortgage, instead of being made payable to the Loefflers, was made payable to "McShane Realty, agent for Joseph and Margaret A. Loeffler."

McShane Realty was a partnership consisting of additional defendants Stephen McShane and Frieda McShane (Edward's brother and mother respectively). The settlement check of $49,782.47 was deposited by the realty company into its own accounts, never was paid to the Loefflers and ultimately was used to pay McShane realty business obligations.

This check was prepared and issued by Erma Moore, the settlement clerk for Eastern Abstract Inc. Although Ms. Moore had no distinct recollection of the settlement itself, she did testify that she would not have made the check out in such a manner unless she had either received authorization from her superior, additional defendant, Charles J. Zone, the principal corporate officer of Eastern Abstract, or had received written authorization from the Loefflers. Ms. Moore further testified that in ei-

ther event, she would have made a notation as to the manner of authorization in the settlement file. Mrs. Loeffler testified that *she* gave no such authorization. Mr. Zone testified that he "might have" approved the transaction because he was aware of the fact that Stephen McShane of McShane Realty had served as agent for the Loefflers in the past. He stated that he thought he "would have" given authorization to the title clerk to change the payee.

At the conclusion of non-jury trial in this matter, we held that it was undisputed that the mortgage was still due and payable and that plaintiff was entitled to foreclosure of the mortgage. We further found that that amount due was $47,969.72 plus interest from April 1, 1981 at eight percent plus five percent attorney's commission and costs. In addition, on the various other claims and cross-claims which had been filed among the various defendants, we found that defendants, Eastern Abstract Inc., First American Title Insurance Company, Charles J. Zone, Stephen McShane and Frieda McShane, co-partners, trading as McShane Realty, all were jointly and severally liable to original defendants, Edward McShane and Rosemary McShane. We further found that McShane Realty was liable over to Eastern Abstract Inc., and that Eastern Abstract Inc. was liable over to first American Title Insurance Company pursuant to an indemnity agreement between those parties.

Post-trial exceptions were filed only on behalf of Eastern Abstract Inc. and on behalf of Charles J. Zone. However, Eastern Abstract Inc. has abandoned its objections and only Zone's remain. Following brief and argument on Mr. Zone's objections, we entered judgment on the decision, and Mr. Zone has filed an appeal to the Superior Court. Hence, this opinion.

The single question presented by this appeal is whether or not Mr. Zone, as corporate officer of Eastern Abstract Inc. may be held personally liable to Edward J. McShane and Rosemary C. McShane, on their cross claim against him for negligence in conducting the mortgage settlement.

It has long been held that a title insurance company, in addition to being responsible to its principals under a contract of title insurance, may also be held liable on additional theories of negligence or carelessness either in examining a real estate title or in conducting a real estate settlement and disbursing the proceeds. See for example, *Bodine v. Wayne Title and Trust Company*, 33 Pa. Super. 68 (1907) and *Person v. Central National Bank*, 102 Pa. Super. 111, 156 Atl. 560 (1931).

Defendant Zone does not dispute these principles as they apply to his corporation, Eastern Abstract Inc., but does contend that he is immune from *personal* liability citing *Bala Corporation v. McGlynn*, 295 Pa. 74, 144 Atl. 823 (1929).

However, that principle of immunity from personal liability where the cause of action is one arising out of a contract with a corporate entity does not, in our judgment, apply in a situation such as here where the corporate officer actually·participated in the wrongdoing which resulted in the loss to the property owner. Here, we found as a fact that defendant, Mr. Zone himself, was negligent in permitting the settlement to take place in the manner in which it did; that is, by authorizing the disbursement of the balance of the mortgage funds to the agent of the mortgagee rather than to the principal who was entitled to receive the funds. Although the corporation, Eastern Abstract Inc., is liable for the negligence of its officer, Mr. Zone, in making a careless distribution of the settlement funds, we do

not believe that we should hold that the individual officer is insulated from individual liability. Instead, we rely on the following cases which impose liability upon corporate officers or employees for their own individual negligent or tortious conduct. *Wicks v. Milzoco Builders Inc.*, 503 Pa. 614, 470 A.2d 86 (1983) (negligent handling of surface water drainage by contracting corporation's officer); *Malone v. Pierce*, 231 Pa. 534, 80 Atl. 979 (1911) (negligent excavation by corporate president); *McDonald v. First National Bank of McKeesport*, 353 Pa. 29, 44 A.2d 265 (1945) (president of corporate car dealer held liable to bank for improper diversion of corporate assets even though he derived no personal benefit therefrom).

In summary, we found that defendant, Zone, negligently authorized his title clerk to disburse the mortgage payoff check to the mortgagees' agent rather than to the mortgagees. See also *Warner v. McMullin*, 131 Pa. 370, 18 Atl. 1056 (1890) (bank officers and brokers liable for permitting diversion of trust funds.

We entered our order for the foregoing reasons.