# Richart *against* Scott.

The first builder upon adjoining lots in a town, is bound to use suitable materials, and build them skilfully in the foundation and wall of partition ; for if upon the excavation for and construction of a house upon the adjoining lot, notwithstanding the use of proper and ordinary care and diligence, the first walls should fall in consequence of their defects, it must be regarded as *damnum sine injuria*.

ERROR to the district court of *Alleghany* county.

William Richart against Thomas Scott. Action on the case. The plaintiff was the lessee of a building on Market street, Pittsburgh, and the defendant had contracted to build a range of houses for Mr Brackenridge the owner of the adjoining lot. The wall of the plaintiff's house was built on the line of partition between the lots. The defendant excavated the ground on the lot of Mr Brackenridge, for the purpose of making cellars and laying the foundation of his wall near to the plaintiff's house, in consequence of which the plaintiff's kitchen fell down and was destroyed, together with his furniture. It appeared that the foundation wall of the plaintiff's house had been built for more than twenty-one years, but that originally there had been a two story house upon it, and that within that period another story had been added to it. It also appeared that the defendant had used ordinary care and diligence in the excavation for the building on the adjoining lot.

The court below (Grier, President) was of opinion and so instructed the jury, that the plaintiff was not entitled to recover.

*Mahon* and *Williamson*, for plaintiff in error, cited, 12 *Mass. Rep.* 221, 227; 2 *Eng. Com. Law Rep.* 128; 1 *Eng. Com. Law Rep.* 304; 11 *Eng. Com. Law Rep.* 464; 17 *Johns. Rep.* 93.

*Shaler*, for defendant in error, cited, 17 *Johns. Rep.* 98; 4 *Paige's Rep.* 173; 2 *Watts* 327.

The opinion of the Court was delivered by

KENNEDY, J.—The first error assigned here has been abandoned. The second presents the principal question; and one which, on account of its connexion with almost daily occurrences in our state, more especially in our improving cities and towns, is therefore of some interest, and requires a distinct expression of opinion from this court in regard to it : so that all concerned in the erection of new buildings may know what they are bound to do, as well in justice to them-

[Richart v. Scott.]

selves as to others; and how to govern themselves in such manner as to avoid incurring losses happening thereafter to themselves, from want of attention and skill to construct their walls properly; and also to avoid committing injuries upon the rights of their neighbours through ignorance of the law in relation to this subject.

It cannot be doubted, but the respective owners of adjacent lots of ground, situate in cities or towns, and laid out and sold by the original owner of the whole ground plot for the very purpose of being improved by the erection of buildings thereon to the utmost boundaries thereof, have the right to do so whenever it may suit their ability and convenience; and are not bound to do any thing of the kind before, unless indeed an express condition, requiring it, be annexed to the grant from which the title is derived.

The counsel for the plaintiff seem to entertain the idea, that the owner of a lot can only build to the line between him and the owner of the adjacent lot, where it is practicable to do so without producing any damage or loss to the latter, though the latter or those under whom he claims may have been in a great degree the occasion of its being impracticable for the former to build without such loss happening to the latter. Now although the rule of the civil law, *sic utere tuo ut alienum non lœdas,* has been adopted and become part of the common law, yet it will not secure and protect every reckless and careless owner of property, who has, through want of proper care and attention on his part, or of those under whom he claims, been the occasion of the loss complained of. The owner of the lot, who improves it by putting up a dwelling or other house thereon, extending to the boundary of the same, which is a mere line of length without breadth separating his lot from the adjacent one belonging to another and remaining unimproved, must be considered as bound to use suitable materials and the requisite skill in doing so, in order that the walls of his building next to the adjacent lot may, if the owner thereof should think proper, in preparing the foundation for the house which he may afterwards resolve on erecting, to excavate the adjacent earth or to go below the foundation of the walls of the first building, admit of this being done by ordinary care and caution, with the use of the common and ordinary means of accomplishing it. If the first builder, in the construction of his wall, use materials unfit for the purpose; or the materials, though suitable, are so unskilfully built in the wall, that it cannot be preserved and supported by ordinary care and diligence, with the use of the usual and ordinary means resorted to in practice for that purpose: when the second builder comes to dig out the foundation for his house, but notwithstanding the use of such care, diligence and means by the latter to prevent it, the wall gives way and with it a part or the whole of the first building falls, occasioning small or great loss to the owner thereof, it must be regarded as *damnum sine injuria,* for which the second builder is in no wise responsible. This would seem to be the doctrine laid down by the learned judge of the district court to the

[Richart v. Scott.]

jury on this subject; which we entirely approve, as being the law of the land, and the only rational rule applicable to such cases.     It was contended however, that inasmuch as the plaintiff's house had been built upwards of twenty-one years before the defendant undertook to erect his and to make the excavation preparatory to that end, that the plaintiff by the lapse of this time acquired a right to have his house maintained and preserved in the same relative state in which it stood during that period to the earth and soil of the defendant's lot, unless the removal of the adjacent earth on the defendant's lot could be effected, at any cost or expense however great, without any damage arising therefrom to the plaintiffs; and that the latter, in short, had no right to put a spade into his lot, no matter how great the degree of caution and care might be that should be used with a view to prevent damage accruing to the plaintiff in his house, without becoming absolutely liable to the former for the loss that might ensue thereon.     This right seems to be claimed, on behalf of the plaintiff, upon the ground of an implied assent given thereto on the part of the holders of the lot on which the defendant was at work when the occurrence complained of took place, that the plaintiff should have and enjoy it.     It is true that a license or grant by the owner of property to another to use it for a particular purpose, or in a particular way, may be *implied or* presumed from the adverse enjoyment of it by the latter for twenty-one years, and perhaps less time in some instances, accompanied by an acquiescence therein during the same period by the former.     But it is difficult, if not impossible to conceive, how an implication or presumption of such license or grant can be made, where there is no adverse *user,* encroachment upon or possession had or taken of any right or thing belonging to another, and nothing done to which any other can make even the slightest colour of objection.     That it cannot be is a principle laid down very fully, and clearly illustrated by Mr Justice Rogers in declaring the opinion of this court in Hoy *v.* Sterrett, 2 *Watts* 327.     In the present case it is certain and perfectly clear that the plaintiff never had the use or was in the possession or enjoyment of any right whatever, corporeal or incorporeal, belonging at any time to the defendant or the owners of the lot whereon the act complained of was done, either as forming a part of it or in any way appurtenant to it: the plaintiff had an absolute right from the first to build on and use his lot to the utmost extent of his boundaries; he did so, but went no further: of course the defendant, or the owners of the lot whereon he was employed to build, could make no objection to the plaintiff's building as he did; it would therefor be a misuse as well as abuse of the terms "license," "grant" and "acquiescence," to say the plaintiff has acquired a right by means thereof from the defendant or the owners of the lot, seeing he never had the use or possession of more than his lot and what properly belonged to it, which the defendant or the owners of his lot had no right whatever to object to. The plaintiff's claim then in this respect, if it means any thing at all,

amounts to this, that having erected his house upwards of twenty-one years before the defendant commenced his building, he thereby not only became discharged from the duty which he owed to himself, perhaps exclusively it may be said, to have built the wall of his house adjacent to the lot of the defendant of sufficient materials and in a workmanlike manner, but actually, as it would seem, threw off the responsibility resting upon himself in regard to it, and the loss arising therefrom on account of his own neglect to do so, upon the defendant or the owner of the lot adjoining where the defendant was employed to build.　The absurdity as well as injustice of this is too apparent to be maintained for a moment.　Besides, it would be contrary to the very spirit of the rule, whereon the plaintiff measurably professes to rely for a recovery against the defendant, *sic utere tuo ut alienum non lædas.*　Because the plaintiff under the operation of this rule, though he had a right to build and improve to the utmost verge of his lot, still he was bound in fairness towards the owner of the adjacent lot to do it in such a way as not to create unnecessarily any additional labour and expense to the latter, when he should thereafter come to improve his lot by building upon it, beyond what would have been requisite in case of the plaintiff's being done in a skilful and workmanlike manner of fit materials.　But if the plaintiff, because he built first, is to be relieved from the responsibility of having constructed the walls of his house adjoining to the ground and lot of the defendant with sufficient materials or in a skilful manner ; and the loss attending its being done otherwise is to fall upon the defendant when he comes to build afterwards, though it should happen to be after a lapse of twenty-one years or more, it would be highly unreasonable and unjust.　Because the consequence of it to the defendant may be, in order to build up to his line adjoining the plaintiff, which he has an undubitable right to do, and to effect this without occasioning loss to the latter, that he will be compelled to undergo the labour and expense of gradually removing the plaintiff's wall, and at the same time accompanying this operation with the rebuilding of it of new suitable materials in a skilful manner : thus incurring an expense that may exceed by tenfold what would have been requisite if the plaintiff had constructed his wall as it ought to have been ; and incurring also at the same time the risk of being sued as a trespasser for having entered on the plaintiff's lot without his license in order to remove and rebuild his wall.　In truth it is most obvious that such a principle, when carried out, may go to exclude the owner of a lot in a situation similar to that of the defendant from building on it altogether ; which would be inconsistent with principles of sound policy as well as of law and natural justice.　The defendant, or owner of the lot by whom the defendant was employed to build upon it, could not object to the plaintiff or the builder of his house constructing the walls of it as he pleased, either in a skilful or unskilful manner ; this was entirely within the discretion and control of the latter : hence it would be most unreasonable to make the defendant not only suffer

[Richart v. Scott.]

for the neglect or fault of the plaintiff, but to make good to the plaintiff the loss arising therefrom. It is obvious therefore, that in such cases, the first builder, and indeed every builder, ought, in putting up his house, to do it in such a manner as to impose no unnecessary expense or burthen thereafter upon the owner of the adjacent lot, when he shall come to build upon it or to alter and re-model that which he may have put on it previously. If this rule however be disregarded by any one to whom a loss accrues in consequence thereof by the falling of his wall or of his house when the owner of the adjoining lot comes to build thereon, and he comes into court claiming to make the latter answerable for it, it cannot be that he is entitled to recover.

Being of opinion that the charge of the court to the jury was correct on this question, and the jury having found the facts to be in favour of the defendant so far as they related to it, the direction of the court to the jury on the measure and extent of damages that ought to be given to the plaintiff in case they should find a verdict in his favour, and which is made the ground of the third error assigned, does not necessarily require to be noticed. But it may not be improper to say that we perceive no error in the direction of the court on this point either.

Judgment affirmed.