## Catharine Spohn, Kate Eyrich, Charles Spohn and Solomon Spohn *v.* Josiah Dives and George S. Pomeroy, trading as Dives, Pomeroy & Stewart, Appellants.

*Adjoining landowners—Lateral support—Negligence.*

One who makes an excavation upon his own land deeper than the foundation of the building upon an adjoining lot, without notifying the owner of the building to protect his property, is liable for the fall of the foundation wall caused by his failure to use ordinary care and diligence to protect it.

*Lateral support—Negligence—Evidence—Question for jury.*

In an action to recover damages for injuries caused to plaintiffs' building by excavations made by defendants on their own land, the case is for the jury where the evidence tends to show that the defendants' excavations were carried very considerably beneath the level of plaintiffs' foundation; that some of the soil underneath plaintiffs' foundation fell out; that no measures whatever looking towards the support of plaintiffs' wall were taken by defendants until part of the soil supporting it on defendants'

side had been removed, nor until the wall showed signs of giving way, and the chimney attached to the kitchen had actually fallen; that afterwards, two horizontal props were run in under the brick part of the wall, upheld on defendants' property and in plaintiffs' cellar by perpendicular posts; that at some time two or three or more other props were placed against the wall slanting upwards from defendants' property; that neither of these expedients taken alone, nor both of them applied simultaneously, were reasonably sufficient, according to described customary methods, to protect the structure from sinking; and that the structure was injured by sinking.

Argued March 3, 1896. Appeal, No. 121, July T., 1895, by defendants, from judgment of C. P. Berks Co., Nov. T., 1893, No. 88, on verdict for plaintiffs. Before .GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass for injuries to plaintiffs' building. Before END-LICH, J.

At the trial it appeared that the plaintiffs are the owners of a lot of ground in the city of Reading, running from Penn street to Cherry street, upon which buildings are erected. On the Cherry street end stand two small brick houses, Nos. 609 and 611 Cherry street. Adjoining on the western side is the lot of the defendants, about 60 feet in width. In 1892 the defendants constructed a large building on the Cherry street end- to correspond with the store already standing on the Penn street end.

The evidence tended to show that the defendants' excavations were carried very considerably beneath the level of plaintiffs' foundation; that some of the soil underneath plaintiffs' foundation fell out; that no measures whatever looking towards the support of plaintiffs' wall were taken by defendants until part of the soil supporting it on defendants' side had been removed, nor indeed, until the wall showed signs of giving way, and the chimney attached to the kitchen had actually fallen; that afterwards two horizontal props were run in under the brick part of the wall, upheld on defendants' property and in plaintiffs' cellar by perpendicular posts; that at some time, other props, two or three or more in number, were placed against the wall slanting upwards from defendants' property; that neither of these expedients taken alone, nor both of them applied simultaneously, were reasonably sufficient, according to described customary methods, to protect the structure from injury by sinking, and that it was so injured.

Defendants presented, among others, the following point:

2. Under all the evidence in the case the verdict should be for the defendant. *Answer :* Declined. [2]

Verdict for plaintiffs for $850. Judgment for $500.

*Error assigned* among others was (2.) above instruction, quoting it.

*Jefferson Snyder,* of *Baer & Snyder,* A. K. *Stauffer* with him, for appellants, cited: McGettigan v. Potts, 149 Pa. 155 ; Richart v. Scott, 7 Watts, 460.

*J. H. Jacobs* and *H. P. Keiser,* for appelleee, cited: Dunlap v. Wallingford, 1 Pittsburg, 127 ; Shafer v. Wilson, 44 Md. 268; Gilmore v. Driscoll, 122 Mass. 199; Ray, Neg. Imposed Duties (Personal) 37, 38.

PER CURIAM, March 27, 1896 :

The question of negligence was fairly submitted to the jury by the learned court below, and there was enough evidence in the cause on that subject to justify the submission.

Judgment affirmed.