# William Witherow *v.* R. C. Tannehill, D. F. Henry and Annie E. Henry, Appellants.

*Damages— Adjoining owners— Destruction of building— Lateral support.*

In an action to recover damages for the destruction of a house, it appeared that defendants made an excavation on a lot owned by them which was separated from plaintiff's lot by an intervening lot. During the progress of the work, the walls of the house on the intervening lot settled and cracked, and thereupon defendants purchased this house and lot. As a result of the excavation or of the removal of the building on the intervening lot, plaintiff's house was destroyed. The evidence for the plaintiff tended to show that the braces at the top of the excavation were of insufficient strength, and that no attempt had been made to hold in place the earth at the side near the bottom of the excavation, and that the earth on both lots moved toward the excavation, carrying with it plaintiff's house at one end, five feet from its original position. *Held,* (1) that the fact that the excavation was not made on the lot immediately adjoining the plaintiff's lot would not relieve defendants from liability for negligence, inasmuch as they owned both lots at the time the injury was done; (2) that the distance of plaintiff's house from the excavation might be considered, in connection with the known nature of the ground, on the question of negligence, but that no distance at which responsibility was to end could be fixed by the court; (3) that the case was for the jury; (4) that a verdict and judgment for plaintiff should be sustained.

Argued Oct. 23, 1899. Appeal, No. 9, Oct. T., 1899, by defendants, from judgment of C. P. No. 1, Allegheny Co., Dec. T., 1896, No. 286, on verdict for plaintiff. Before Sterrett, C. J., Green, McCollum, Mitchell, Dean and Fell, JJ. Affirmed.

Trespass for injuries to land.

The facts are sufficiently stated in the opinion of the Supreme Court.

The court refused to give binding instructions for defendants.

Verdict and judgment for plaintiff for $2,187. Defendants appealed.

*Error assigned* was in submitting the case to the jury.

*W. P. Potter,* with him *Wm. A. Stone, H. L. Castle* and *E. J.*

*Smail,* for appellants.—The rule that an owner is entitled to lateral support for his ground extends only to the support for the ground in its natural state, and does not include such support for the protection of buildings or other structures placed upon it: McGettigan v. Potts, 149 Pa. 155; Cooley on Torts (2d ed.), 706.

*Richard B. Scandrett,* with him *John D. Brown,* for appellee. -If the excavations are made in a careless and improper manner, and the land and buildings of the adjoining owner are thereby injured, the party making such excavation is liable in damage to the extent of the injury suffered: Dunlap v. Wallingford, 1 Pitts. 127; Gilmore v. Driscoll, 122 Mass. 199; Shafer v. Wilson, 44 Md. 282; Myers v. Winters, 23 P. L. J. 66; Tunstall v. Christian, 80 Va. 9; Foley v. Wyeth, 2 Allen (Mass.), 131; City of Quincy v. Jones, 76 Ill. 231; McMillin v. Staples, 36 Iowa, 532; Charless v. Rankin, 22 Mo. 566; McGuire v. Grant, 1 Dutcher, 360; Spohn v. Dives, 174 Pa. 474; Richart v. Scott, 7 Watts, 460; Dalton v. Angus & Co., L. R. 6 Appeal Cases, 740; Stevenson v. Wallace, 27 Gratt. (Va.) 87; Pierce v. Dyer, 109 Mass. 376; Solomon v. Vintners's Co., 4 H. & N. 597; Wolters v. Pfeil, 1 Moody & Malkin, 362; Eno v. Del Vecchio & Snyder, 4 Duer, 53; Wier's App., 81* Pa. 203; Altwater v. Woods, 1 W. N. C. 23; Stroyan v. Knowles, 6 Hurl. & N. 454.

OPINION BY MR. JUSTICE FELL, December 30, 1899:

The defendants, in order to secure a suitable foundation for a large hotel building, caused the lot on which it was to be erected to be excavated to the depth of thirty feet. The plaintiff's house was twenty feet from the edge of the excavation, and separated from it by a lot, which at the beginning of the work was owned by a third party. The walls of the house erected on this intervening lot settled and cracked after the excavation began. The house and lot were then purchased by the owner of the hotel lot, the building was torn down and removed, and the work of excavation was carried on until the required depth was reached. The building which was removed had been erected some fifty years before, in connection with the plaintiff's building, and was joined to it by a party wall.

As a result of the excavation or of the removal of this building or of both, the plaintiff's house was destroyed.

At the trial there was little or no dispute as to the law applicable to the facts of the case. The plaintiff did not claim an absolute right of lateral support of his land with the buildings erected thereon. His contention was that the adjoining owner was bound to exercise ordinary care in making excavations on his land and in removing the building from the adjoining lot; and that in both of these matters he had been negligent. The defendant's contention was that care had been exercised both in shoring up the land at the edge of the excavation and in the removal of the building; and that the injury to the plaintiff's house was caused by the subsidence of the ground under its foundation because of the natural drainage of the water from it. The issue raised by the pleadings was that of negligence; and while the testimony was conflicting as to the degree of care exercised and as to the cause of the injury it was clearly sufficient to take the case to the jury. That produced by the plaintiff tended to show that the braces intended to hold the ground near the top of the excavation were of insufficient strength, and that no attempt was made by shoring or otherwise to hold in place the earth at the side, near the bottom of the excavation, and there was affirmative testimony that the earth on both lots moved toward the excavation, carrying with it the plaintiff's house at one end, five feet from its original position. The fact that the excavation was not made on the lot immediately adjoining the plaintiff's lot would not relieve the defendants from liability for negligence. The title of both the hotel lot and the intervening lot were in the same person when the injury was done, and the two lots had become one. The distance of the plaintiff's house from the line of the excavation was a matter properly to be considered, in connection with the known nature of the ground, on the question of negligence; but no distance at which responsibility was to end could be fixed by the court.

The judgment is affirmed.