## McMullen, Appellant, *v.* Union Drawn Steel Company.

*Negligence—Failure to furnish lateral support—Personal injuries.*
Where an adjoining owner seeks to recover damages for personal injuries sustained by reason of the taking away of lateral support, no recovery can be had unless there is actual negligence in the performance of the work by the person taking away such support, and the burden of proof rests upon the plaintiff to prove actual negligence. If no negligence is shown in the manner in which the support was removed, no recovery can be had.

Argued May 9, 1911. Appeal, No. 129, April T., 1911, by plaintiff, from order of C. P. Beaver Co., Sept. T., 1909, No. 172, entering judgment for defendant non obstante veredicto in case of Hugh McMullen and Mary McMullen, his wife, v. Union Drawn Steel Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before HOLT, P. J.

The facts are stated in the opinion of the Superior Court.

At the trial the jury returned a verdict for Hugh McMullen for $333.33, and for Mary McMullen for $1,000. The court subsequently entered judgment for defendant non obstante veredicto.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*Lawrence M. Sebring,* for appellants.

*John A. Eliott,* for appellee, cited: McGettigan v. Potts, 149 Pa. 155.

OPINION BY BEAVER, J., July 13, 1911:
This record raises a somewhat unusual and very inter-

esting question.  The action is one to recover damages for personal injuries growing out of the alleged failure of the defendant to furnish lateral support to the adjacent lot of the plaintiffs.

The general question of liability for lack of lateral support has been quite fully and carefully considered by us in the late case of McClelland v. Schwerd, 32 Pa. Superior Ct. 313.  The case of McGuire v. Grant, 25 N. J. L. 356, is referred to therein.  This case is also reported in 67 Am. Dec. 49, and therein Mr. Chief Justice GREEN says: "In Lasala v. Holbrook, 4 Paige, 169 (25 Am. Dec. 524), Chancellor WALWORTH says: 'I have a natural right to the use of my land in the situation in which it was placed by nature, surrounded and protected by the soil of the adjacent lots, and the owners of these lots will not be permitted to destroy my land by removing this natural support or barrier'.  Thus it is laid down by Rolle that 'I may sustain an action against a man who digs a pit on his own land so near to my lot that my land falls into the pit.  But my neighbor has the right to dig the pit upon his own land, if necessary to its convenient or beneficial use, when it can be done without injury to my land, in its natural state.  I cannot, therefore, deprive him of this right by erecting a building on my lot, the weight of which will cause my land to fall into the pit, which he may dig in the proper and legitimate exercise of his previous right to improve his lot.' "  This seems to be the generally accepted doctrine of the cases in America.  It has been questioned both in Massachusetts and New York, but in both of them the appellate courts later came to the same generally accepted conclusion.

On the trial of this case in the court below, it was submitted to the jury on the question of the liability of the defendants for negligence in maintaining an old cellar pit from which the building had been removed and the supporting wall adjacent to the lot of the plaintiffs had been also, subsequently, removed.  The wife, being engaged on the exterior of her house in washing a window,

descended from the stepladder upon which she was doing her work and, when she reached the ground, stepped upon the edge of the perpendicular descent to the bottom of the cellar and fell to the bottom in such a way as to cause an injury rather serious in its character and supposed to be of a permanent nature. The jury rendered a verdict in favor of both plaintiffs, the court reserving the question as to whether or not, under all the evidence, the plaintiffs were entitled to recover. Upon consideration of this question, upon a motion for judgment n. o. v., the court in its opinion upon that motion correctly stated the general principles governing the question of lateral support, as generally held, saying: "The right of lateral support, as between individual owners, is the right to have land in its natural state supported by the adjacent land. It is an incident to the land, a right of property necessarily and naturally attached to the soil:" Jones v. Greenfield, 25 Pa. Superior Ct. 315.

"When an owner makes an excavation upon his land in a manner free from negligence, and so deprives a neighbor's property of lateral support, his liability for damages is limited to the injury of the land without regard to the buildings or structures thereon:" Jones v. Greenfield, 25 Pa. Superior Ct. 315.

"Where one withdraws lateral support, he is liable for damages irrespective of the question whether he was negligent or not in so doing, but the right of recovery is limited to the injury to the land itself in its natural state:" Matulys v. Phila. & Reading Coal & Iron Co., 201 Pa. 70.

"One who digs a pit on land, so that by the operation of natural and ordinary causes, which he takes no precaution to guard against, the land of another falls into the pit, is liable to an action at law for the injury to his land in its natural condition, but not for injuries to buildings or improvements thereon, such as fences and shrubbery, without proof of actual negligence:" Gilmore v. Driscoll, 122 Mass. 199.

"One who makes an excavation upon his own land

deeper than the foundation of the building upon an adjoining lot, without notifying the owner of the building to protect his property, is liable for the fall of the foundation wall caused by his failure to use ordinary care and diligence to protect it:" Spohn et al. v. Dives et al., 174 Pa. 474.

"In the case of Witherow v. Tannehill et al., 194 Pa. 21, a person who made an excavation depriving his neighbor's ground of lateral support, was held to be liable for injury to structures or buildings on the adjoining land, upon the ground of negligence in the performance of the work upon his own land."

"We gather from the cases we have cited, and many others which we have examined, that there is no liability to the adjoining property owner for damages to structures or buildings caused by the taking away of lateral support, unless there is actual negligence in the performance of the work by the person taking away such support. We also draw the conclusion from all of the cases that the burden of proof rests upon the plaintiff to prove actual negligence on the part of the person making the excavation which deprives of lateral support, before there can be any recovery for injury to buildings which are injured by the falling away of the earth because of the taking away of lateral support."

"In the case at bar, it is true that the plaintiff's buildings were not injured. We think, however, the same rule applies where an adjoining owner seeks to recover damages for personal injuries sustained by reason of the taking away of lateral support. There must be actual negligence alleged and proven on the part of one who removes the lateral support before there can be a recovery for personal injuries. In the case under consideration no one has testified that there was any negligence in the manner in which the wall was removed; neither is there any evidence that the ground or soil was such that reasonable prudence required the shoring up of the bank to prevent it from falling in. Besides, there is the admitted fact that Mary

McMullen knew of the removal of the wall, and of the
fact that there was nothing but a precipitous bank there
from the time of the removal of the wall in the latter part
of 1907, down to the day she received her injury. Where
one knows that the lateral support to his property has
been removed, it is his duty to protect his own property,
and to make application for the right to enter upon his
neighbor's property, if necessary to enable him to put up
the proper barricade or protection."

"Inasmuch as there is no evidence of actual negligence
on the part of the defendant, we feel that it is our duty
to enter judgment in favor of the defendant notwith-
standing the verdict."

The reasoning of the court below is, in our opinion,
entirely sound, and is based upon a well considered line
of cases very numerous in many of the states, referred to
in the case of McGuire v. Grant, 67 Am. Dec. 49; also in
the note in 68 L. R. A. 673, to Kansas City, N. W. R. R.
Co. v. Schwake, referred to by Judge RICE in his opinion
in McClelland v. Schwerd, 32 Pa. Super. Ct. 313 here-
inbefore referred to.

In this case, the injury was caused not only by the
weight of the body of Mrs. McMullen upon the edge of
the precipitous descent, but by the momentum which her
body acquired by the descent from the stepladder. In
addition to this, there is some question as to whether or
not the excavation was not within the lines of the defend-
ant's own property, being at least a foot away from the
line of the plaintiff's property. If so, the tread of her
foot, which caused the subsidence, was not upon her own
property, but upon that of the defendant. However, it
would be improper to base any conclusion upon that fact,
inasmuch as it was probably found by the jury the other
way; otherwise we cannot see how a verdict could have
been found for the plaintiff.

In the note in 68 L. R. A. 673, there is reference to
the case of Pullan v. Stallman, 70 N. J. L. 10, which was
also called to our attention at the argument by the coun-

sel for the appellee, in which it is distinctly held that: "Where the soil caves in under the additional weight of a human being, no liability ensues. The fall is not occasioned by the weight of the soil alone in its natural condition:" 68 L. R. A. 681. The reasoning in that case is very simple and satisfactory and only verifies the conclusion reached by the court below as to nonliability of the defendant in the present case, and it seems to us tends to justify the judgment n. o. v. rendered on the final argument by the court.

It clearly appears by the evidence, and is not in any way denied, that the present defendant, the appellee here, did not remove the building and the cellar wall which furnished the lateral support. The lot was purchased from a previous owner, with the privilege of removing the building and wall which was done by that owner. The maintenance of the lot in the condition in which the previous owner left it after the removal would not in any way add to the responsibility for maintaining lateral support and liability for the lack of it. This fact does not seem to have entered into the consideration of the case in the court below, and it is not necessary to discuss it, inasmuch as it seems to us to introduce no material additional matter for consideration in reaching a proper conclusion.

Judgment affirmed.