Opinion by
Rice, P. J.,
The plaintiff filed a bill in equity praying for a mandatory injunction to compel restoration of lateral support to land. The defendant filed an answer which, amongst other things, alleged that the plaintiff had a full, complete and adequate remedy at law; that the court, sitting as a court of equity, had no jurisdiction to grant the relief prayed for; and that the suit should have been brought at law. After hearing upon this preliminary issue, as provided in sec. 2 of the Act of June 7, 1907, P. L. 440, the court, in a well-considered opinion (which we refer to for an accurate and concise statement of the averments of the bill), sustained the objection to the jurisdiction and certified the cause to the law side of the court. Thereupon the plaintiff took this appeal.
The learned counsel for the plaintiff state the question involved as follows: “Has a court of equity jurisdiction to issue a mandatory injunction compelling the restoration of lateral support to a lot and building in a city of the second class where there is negligence in making an excavation in an adjoining lot, the result of which is to impose servitude on the land of the adjoining owner? ” But negligence is not directly averred in the bill, nor are facts averred from which it is to be legally implied, unless, as is argued, the act oí leaving the adjoining lot without support is negligence per se. No Pennsylvania case has gone to that extent, and we think the proposition is not sustainable on principle. According to the doctrine repeatedly expressed in the decisions of the courts of Pennsylvania and many other states of the Union, there is incident to land, in its natural condition, a distinct right to *511 support from the adjoining land; it has been denominated the “absolute right to lateral support,” and has been declared to be “ an incident to the land, a right of property necessarily and naturally attached to the soil: ” Wier and Bell’s App., 81* Pa. 203, 208; McGettigan v. Potts, 149 Pa. 155; Matulys v. Coal & Iron Co., 201 Pa. 70; Pettit v. Jamestown, etc., R. R. Co., 222 Pa. 490; Fyfe v. Turtle Creek Boro., 22 Pa. Superior Ct. 292; Jones v. Greenfield, 25 Pa. Superior Ct. 315; McClelland v. Schwerd, 32 Pa. Superior Ct. 313; McMullen v. Union Drawn Steel Co., 47 Pa. Superior Ct. 570. Hence, if one excavates his land, and, in consequence of the removal of this natural support, the adjoining land of his neighbor falls, the latter has a right of action, although the excavation was not carelessly Or negligently done. In such case the true foundation of the action is not negligence, but the violation of this property right. But this absolute right of property, which, as has been seen, is attached to the soil in its natural condition, does not extend to the buildings and improvements thereon. “For an injury to buildings, which is unavoidably incident to the depression or slide of the soil on which they stand, caused by the excavation of a pit on adjoining land, an action can only be maintained when a want of due care or skill, or positive negligence, has contributed to produce it:” Foley v. Wyeth, 84 Mass. 131, quoted with approval in Matulys v. P. & R. Coal & Iron Co., 201 Pa. 70. This distinction, which necessarily results from the rule that the right of property is restricted to the soil in its natural condition, is recognized in all of the cases above cited and many others that might be cited; but it would be without substance were it to be held, as a general rule, that the act of leaving the adjoining land without support, and that alone, constitutes negligence per se. Being unable to adopt the view that it is negligence per se, we are necessarily led to the conclusion that the omission to aver negligence, or to aver facts from which it is to be legally implied, has an important bearing upon the question for decision,. *512 See Rush v. Good, 14 S. & R. 226, 230; McFarland v. Heverly, 46 Pa. Superior Ct. 434; McMullen v. Union Drawn Steel Co., 47 Pa. Superior Ct. 570. However it might be if there were negligence, it is quite clear that, in the absence of negligence, the defendant would not be liable for injury, either present or prospective, to the buildings and other structures on the plaintiff’s lot; and, for the same reason, namely, because he owed no duty to support them, a court of equity will not issue a mandatory injunction to compel him to restore the support, but will leave the plaintiff to his remedy at law to recover damages for the injury to the soil. This, ■ under the pleadings, is the only legal injury he has sustained, and it has not been made clear that the remedy at law is inadequate for its redress. On the contrary, when it is remembered, as shown in McClelland v. Schwerd, 32 Pa. Superior Ct. 313, and cases there cited, that the cost of putting the land into and maintaining it in its former condition, especially where it is incumbered by buildings, is not the ordinary measure of damages, it will be perceived that the application of the remedy at law is more likely to result in giving the plaintiff full redress, and, at the same time, in imposing on the defendant no heavier burden than in law and equity he ought to bear, than the granting of a mandatory injunction to compel him to restore the lateral support to the lot and building by the erection of a stone wall or other artificial support on his own land. In support of their contention that equity has jurisdiction, counsel cite Pile v. Pedrick, 167 Pa. 296, and Wagner v. King, 41 Pa. Superior Ct. 292. But in each of these cases an actual encroachment on the plaintiff’s land was involved; while in this case it is not. Wier and Bell’s App., 81* Pa. 203, is also much relied on. But the injunction awarded in that case was to restrain the removal of lateral support; while in this case the jurisdiction of equity was not invoked until many months after the excavation had been completed. Upon this feature of the case the learned judge below says: “If application *513 had been made before the lateral support was removed the court would no doubt have power to require the defendant to use due care, and even to enjoin him under proper circumstances from digging; but a mandatory injunction requiring the defendant to build a wall, under the circumstances here alleged is, so far as we can find, without precedent.” The distinction is clear and important. The jurisdiction of a court of equity to issue a mandatory injunction's now unquestioned, and we know of no principle that would prevent its exercise to compel restoration of lateral support, or’its equivalent, in a proper case. But, according to all the authorities, the power to issue a mandatory injunction in any sort of case is to be exercised with caution, and not as a matter of course upon showing that the injurious condition to be remedied resulted from violation of a legal right. In the exercise of a sound discretion the court will consider not only the plaintiff’s legal right, but also the existence of a remedy at law, and its adequacy; the plaintiff’s delay in invoking the aid of equity until after the defendant, with his knowledge, has completed the work which produces the injurious condition complained of; the place where the work was done, whether upon plaintiff’s land or upon the defendant’s own land; the presence or absence of negligence in doing the work; the easy compensability of the plaintiff’s injury in monejr; and the comparative convenience and inconvenience which the granting or the withholding of the injunction would cause the parties. Having in view the principles upon which a chancellor acts in granting or refusing a mandatory injunction, it is not a matter of surprise that no precedent can be found in Pennsylvania where a defendant has been required to build a wall under the circumstances here stated. We cannot escape the conclusion that to sustain the bill it would be necessary to attach little importance to, if not wholly to ignore, all of the considerations above suggested, excepting the plaintiff’s legal right; and to grant the full relief prayed for would be to extend that right so as to include the build *514 ings and other structures on the land, whereas in law it is strictly limited to the soil in its natural condition. Thus viewing the case, we are of opinion that the court was right in holding that it is not governed by the principles relating to continuing trespasses, that the plaintiff’s remedy at law is not only adequate for the redress of the legal injury alleged in the bill, but is, under all the circumstances alleged, the appropriate and exclusive remedy, and, consequently, sustaining the.objection to the jurisdiction and certifying the cause to the law side of the court.
The decree is affirmed and the appeal is dismissed, the costs of the appeal to be paid by the appellant.