# McKeand, Appellant, *v.* Skirboll.

*Lateral support—Pressure of building—Withdrawal of support—Damages—Independent contractor.*

Where a person erects a building on his own property within three feet of his neighbor's line, and his neighbor subsequently lets out a contract for the erection of a building on his property, and the contractor excavates within his employer's line to a point below the bottom of the wall of the building on the neighboring property, and by the withdrawal of the lateral support the building is injured, neither the contractor nor the owner awarding the contract is liable to the person injured for more than nominal damages.

Argued April 28, 1913.   Appeal, No. 112, April T., 1913, by plaintiff, from judgment of C. P. Allegheny Co., March T., 1908, No. 452, for defendants on case stated in case of James McKeand v. Israel Skirboll and Charles Gothe.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ.   Affirmed.

Case stated to determine liability for damages to a building.

The case stated was as follows:

On and prior to September 17, 1907, the plaintiff and Israel Skirboll, one of the defendants, were the owners in fee of adjoining lots of land situate on the easterly side of Shiloh street, of the new nineteenth ward, city of Pittsburg of said county; the plaintiff's lot being on the southerly side of defendant Skirboll's lot.

A short time prior to September 17, 1907, the plaintiff had erected and completed a three-story brick building on his said lot of land, the building being constructed of solid brick walls upon rubble stone foundation walls; the northerly edge of the northerly wall of the McKeand building being located at least three inches from the line dividing the plaintiff's lot from the Skirboll lot.

After the completion of the McKeand building and prior to September 17, 1907, work was begun on the

Skirboll lot preliminary to the construction of a new building to replace a building destroyed by fire. For this purpose Skirboll entered into a contract with Charles Gothe, the other defendant, which contract is attached hereto and made part hereof. Charles Gothe subsequently sublet the excavation to one Nagle, who, pursuant thereto, began the work of throwing out the debris from the old fire and doing the excavating for the foundation walls of the new Skirboll building, which was to be of greater dimensions than the old building.

On September 17, 1907, Gothe's subcontractor, Nagle, dug down alongside of the McKeand wall, removing all the earth therefrom so as to expose the McKeand foundation wall, carrying his excavation down below the bottom of the McKeand wall, after which he dug a wall trench for the Skirboll wall, which trench was about two feet wide and about eight inches deep. The bottom of the Skirboll wall trench being twenty inches below the bottom of the McKeand foundation wall, and this wall trench began at the property line on Shiloh street and had extended back about twenty feet. The southerly side of the wall trench was flush with the McKeand dividing line. The workmen finished this part of the trench late in the afternoon, leaving it at quitting time open for the entire twenty feet and leaving no protection or "shoring up" of any kind to support the McKeand building or the earth under the McKeand wall, and the character of the soil at the bottom of the McKeand wall, and from which the wall trench had been excavated, is of a "soap-stone" or marl nature and less substantial than ordinary clay.

Shortly after the workmen quit, or between 5 and 6 P. M. of September 17, 1907, the earth under the McKeand wall gave way and the wall settled down into the newly dug trench, greatly damaging the McKeand building, almost creating a total wreck. The McKeand building was occupied by McKeand and his family, and one tenant, who ran a butcher shop.

If the court be of opinion that the contract attached

30      McKEAND, Appellant, *v.* SKIRBOLL.

Statement of Facts—Opinion of the Court.   [55 Pa. Superior Ct.

hereto, relieved Skirboll of liability, then judgment to be entered for the plaintiff and against both defendants, for six and one-fourth cents, but, if not, then judgment to be entered for the plaintiff and against both defendants for the sum of $1,350. The cost to follow the judgment, and either party reserving the right to issue out a writ of appeal therein to the proper appellate court.

The court entered judgment for plaintiff for six and one-fourth cents. Plaintiff appealed.

*Error assigned* was in entering judgment for plaintiff for six and one-fourth cents.

*Andrew G. Smith,* with him *Saul Schein,* for appellant. —If Gothe were an independent contractor, such could not be pleaded as a defense in this case: Fox v. Porter, 6 Pa. Dist. Rep. 85; Witherow v. Tannehill, 194 Pa. 21.

The following cases are conclusive of the contention of the appellant that an existing duty cannot be delegated by one to another, and thereby escape liability attached to him to see that duty performed: Cabot v. Kingman, 166 Mass. 403 (44 N. E. Repr. 344); Pittsfield Cottonware Manufacturing Co. v. Pittsfield Shoe Co., 71 New Hampshire, 522; Pickard v. Smith, 10 C. B. (N. S.) 470; Bonaparte v. Wiseman, 89 Md. 12 (42 Atl. Repr. 918); Davis v. Summerfield, 133 N. C. 325 (45 S. E. Repr. 654).

*Charles H. Sachs,* for appellee.—The rule that an owner is entitled to lateral support for his ground, extends only to support for the ground in its natural state, and does not include such support for the protection of buildings or other structures placed upon it: Ward v. Cowperthwait, 16 Leg. Int. 85.

OPINION BY HEAD, J., August 00, 1913:

The plaintiff seeks to recover substantial damages to compensate him for an injury to his building, which injury he alleges was caused by the unlawful or negligent

act of the defendants. The facts upon which he relies to support his claim are to be found in a case stated, signed by the parties and filed, upon which the judgment of the learned court below was sought. If the case stated does not furnish a legal basis for the judgment he seeks, his demand for such judgment must be denied.

The plaintiff and defendant Skirboll were the owners respectively of two adjoining lots on the east side of Shiloh street in the city of Pittsburg. The rights of the plaintiff in his own property were precisely those of the defendant in his. It is not alleged that the former, by law or by contract, had acquired any easement whatever in the lot of the defendant, or any right to subject it to any servitude for his benefit. It appears the lot of the plaintiff had been improved by the erection thereon of a building. The wall of this building came within three inches of the property line common to plaintiff and defendant. The latter, having concluded to improve his property, entered into a contract with his codefendant by the terms of which the latter undertook to provide the materials and do the work necessary to construct the building according to plans and specifications prepared by an architect. The contractor began the excavation and carried it down, within the defendants' line, to a point below the bottom of the wall of the plaintiff's building. Apparently the plaintiff, in the construction of his improvement, had so nearly utilized all of his own ground as to leave no sufficient protection, by the use of his own land, for the building he erected. Had he any right to demand of the defendant that he so restrict his lawful use of his own property, in the construction of his building, as to furnish the support for the plaintiff's building which the latter had not provided for himself? We can discover no such right growing out of any of the facts stated.

That the plaintiff, by virtue of his lot ownership, had the incidental right to have what is termed in the law lateral support for his lot cannot be denied. The existence of that right, its nature and its extent, have been so often

and so elaborately discussed by our courts that a repetition of such a discussion here would be useless: McGettigan v. Potts, 149 Pa. 155; McClelland v. Schwerd, 32 Pa. Superior Ct. 313; Freseman v. Purvis, 51 Pa. Superior Ct. 506. An examination of these cases leaves no room to doubt that for any injury to the lot of the plaintiff—as distinguished from the buildings thereon—resulting from his neglect to provide lateral support, the defendant would be liable. As the case stated does not allege any positive or substantial injury to the lot, we assume the judgment for nominal damages provided for was to satisfy such liability. But the defendant owed no further legal duty to the plaintiff than the one we have indicated except, of course, the general duty to refrain from malicious or negligent acts to the injury of his neighbor. No such act appears in the case stated, nor does any fact on which the conclusion of malice or negligence could be predicated. It is not alleged that the defendants, or either of them, committed any trespass on the property of the plaintiff. It does not appear that the defendant Skirboll did anything more than enter into an ordinary building contract with his co-defendant for the improvement of his own land. The execution of such contract did not necessarily or ordinarily involve any danger or menace to the plaintiff or to any legal right possessed by him apart from the right of lateral support. This we think clearly distinguishes the present case from that of Doll & Sons v. Ribetti, recently decided by the United States circuit court of appeals (March 12, 1913) upon which appellant's counsel rely. The principle upon which that case was determined may be thus summed up in a single quotation from the able opinion of Judge Gray: "Where the thing committed to an independent contractor to do for the occupier on or about his premises is of itself inherently dangerous, such contractor is the mere instrument or agent of the occupier so far as concerns the responsibility to those lawfully coming within such danger." Or, as stated by the learned judge we have quoted from, the controlling principle had been announced

by the supreme court of the United States in Water Company v. Ware, 83 U. S. 566, in this language: "When a person is engaged in a work, in the ordinary doing of which a nuisance occurs, the person is liable for any injury that may result to third parties from carelessness or negligence, though the work may be done by a contractor."

Confining our attention, as we must, to the case stated and the facts therein appearing, we are unable to find any room for the proper application of the legal principle just referred to. We have then at the most a failure on the part of the defendants to comply with their legal duty to provide lateral support for the plaintiff's lot. We have nothing in the case stated to show that such breach of legal duty resulted in more than the nominal damages for which the learned judge below entered judgment. We have no act done by the defendants and no fact averred on which any conclusion of malice or negligence on the part of the defendants can be predicated. The plaintiff has therefore failed to show a legal cause of action against the defendant for any injury that his building sustained, and the learned judge below was right in refusing to enter judgment for such damages. The assignments of error are overruled.

Judgment affirmed.