# Home Brewing Co., Appellant, *v.* Thomas Colliery Co.

*Mines and mining—Lateral support—Maxims—Damnum absque injuria.*

1. In the absence of malice, wantonness or negligence, the right of lateral support is restricted to land in its natural condition, and equity cannot enlarge this right.

2. To be liable in damages for injury to buildings, negligence must appear in the withdrawal of lateral support.

3. In mining operations, it must be positive negligence or want of due care in mining or excavating that creates a liability for damages by withdrawal of lateral support.

4. "Skillful and careful mining" is applied to the manner of taking out, not the fact of taking out.

5. The excavator is an adjoining owner, within the meaning of the rule relating to lateral support, if his excavation results in a taking away of the lateral support to another's property, although other land may intervene.

6. A building cannot be taken as a substitute for land in its natural condition, inasmuch as soil easily accommodates itself to the movements of the earth, while a building, being stiff and rigid, cracks.

7. On a bill in equity to restrain mining operations tending to injure plaintiff's land by withdrawal of lateral support, where there is no allegation or proof of negligence, evidence is inadmissible as to injuries to buildings, or possibility of injuries to buildings in the future. Injuries without negligence would be damnum absque injuria.

8. In such a case the fact that the buildings in the vicinity belonging to other parties might also be injured is immaterial, and especially so where the owners of such buildings do not see fit to complain, either by intervention in the suit, or by suits on their own account.

9. Equity will act only when the threatened injury is imminent and irreparable.

10. The mere possibility of an injury to an owner through the lawful use by one of adjoining property, is not ground for an injunction.

Argued February 13, 1922.   Appeal, No. 64, Jan. T.,
1922, by plaintiff, from decree of C. P. Schuylkill Co.,
Jan. T., 1905, No. 1, dismissing bill in equity for in-
junction in case of Home Brewing Co. v. Thomas Col-
liery Co.   Before MOSCHZISKER, C. J., FRAZER, WALLING,
SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Af-
firmed.

Bill in equity for injunction.   Before HENRY, P. J.,
specially presiding.
   The opinion of the Supreme Court states the facts.
   Bill dismissed.   Plaintiff appealed.

*Error assigned,* inter alia, was decree, quoting it.

*W. L. Kramer* and *Edmund D. Smith,* for appellant.—
Where the weight of the buildings do not contribute to
the sinking or cracking of the earth which resulted from
excavations, defendant is liable, independent of negli-
gence, not only for the damage caused to the land but to
the buildings: Farandis v. R. R., 41 Wash. 486, 84 Pac.
18, 5 L. R. A. (N. S.) 1086; Abraham v. Yardum, 64 Pa.
Superior Ct. 225; Cooper v. Supply Co., 231 Pa. 557;
Pettit v. R. R., 222 Pa. 490; Sharpless v. Boldt, 218 Pa.
372; McMullen v. Steel Co., 47 Pa. Superior Ct. 570.

*Henry S. Drinker, Jr.,* with him *Percy C. Madeira, Jr.,
Martin M. Burke* and *Daniel W. Kaercher,* for appellee.
—The right to lateral support applies, in the absence of
negligence in mining, only to the land in its natural
state and does not extend to buildings, improvements,
equipment or employees: Richart v. Scott, 7 Watts 460;
McGettigan v. Potts, 149 Pa. 155; Matulys v. P. & R. C.
& I. Co., 201 Pa. 70; Malone v. Pierce, 231 Pa. 534;
Cooper v. Supply Co., 231 Pa. 557; Weller v. Davis,
245 Pa. 280; Youghiogheny River Coal Co. v. Bank, 211
Pa. 319; Freseman v. Purvis, 51 Pa. Superior Ct. 506.

Equity will act only where the threatened injury is imminent and irreparable: Rhodes v. Dunbar, 57 Pa. 274; Huckenstine's App., 70 Pa. 102; Streng v. Mining Co., 241 Pa. 563; Berkey v. Coal Mining Co., 220 Pa. 65; Woods v. Coal Co., 230 Pa. 197.

The court will consider the relative damage to the parties and the interest of the community: Penna. Coal Co. v. Sanderson, 113 Pa. 126; Chartiers Block Coal Co. v. Mellon, 152 Pa. 286; Robb v. Carnegie, 145 Pa. 324; Hauck v. Pipe Line Co., 153 Pa. 366; Strauss v. Allentown, 215 Pa. 96; Huckenstine's App., 70 Pa. 102.

OPINION BY MR. JUSTICE KEPHART, April 10, 1922:

The facts involved in the present appeal are simple; the only conflict in the evidence appears from the testimony of the experts as to what might possibly happen to the surface of plaintiff's lots from future mining under conditions as they now are or may be developed. The record is quite voluminous.

Sometime prior to 1900 the Stephen Girard estate leased to the Thomas Coal Company coal lands situated north of Line Street, Shenandoah, and that company mined the property. Plaintiff, in that year, became the owner of several lots of ground south of the land of the coal company, separated therefrom by a street and lot, each thirty feet in width; there were sixty feet of solid coal intact, owned by others, south of the southern boundary of the appellee's coal tract. When plaintiff acquired its property and built its brewery in 1900, it knew the Thomas Coal Company had been mining north of Line Street for many years, and would continue to do so. Cracks appeared in the surface north of plaintiff's lots, and, in 1904, an injunction was secured from Judge MAAR to restrain Thomas Coal Company from further mining for the reason that such operations interfered with plaintiff's right of lateral support. The following year the present defendant, Thomas Colliery Company, took over the operations of the coal company and was

substituted of record as defendant.  Judge SHAY enlarged the scope of the preliminary injunction in 1911, but no steps were taken toward final hearing until 1915, before Judge BRUMM.  That jurist, after a personal inspection of the property, but not going down into the mine, entered a decree in 1916 modifying the injunction then in effect, continuing it, however, in many important particulars.  Exceptions were filed by both parties; these came on for hearing in 1920 before Judge HENRY of Lebanon County, specially presiding, Judge BRUMM having died in the meantime.  The delay in closing up the litigation can be easily accounted for as defendant could mine in other parts of its operation without interfering with the disputed territory.  Judge HENRY, after a most careful study of the evidence and an examination of all matters submitted, sustained many of the exceptions to Judge BRUMM's findings of fact and conclusions of law, and entered a decree dismissing the bill.

The entire case is epitomized by him in concrete conclusions as follows: "(a) plaintiff's claim is based upon an alleged violation of the right to lateral support for its land; (b) the pleadings do not allege negligence in mining, and the proposed future mining of the defendant being according to approved modern methods, the only protection plaintiff can ask, in law or equity, is to have the land remain in its natural condition without regard to buildings, improvements or employees connected therewith; (c) the present injury to surface of plaintiff's land, due to first mining by the predecessor to the land before 1904, can readily be measured and compensated in damages; (d) the effect of future cracks or final mining is uncertain, speculative and problematical; (e) the injury resulting from enjoining the removal of the remaining coal by the defendant would be greatly disproportionate to the benefits resulting therefrom to the plaintiff, or the protection guaranteed to it by reason of such injunction."

From our examination of this record, the court below was correct in these conclusions. Plaintiff's right to lateral support in a proper case is not denied; nor is equitable jurisdiction where it is clear equity should intervene.

In the absence of malice, wantonness or negligence, the right of lateral support is restricted to land in its natural condition, and equity cannot enlarge this right: Richart v. Scott, 7 Watts 460, 461; McGettigan v. Potts, 149 Pa. 155, 160; Matulys v. P. & R. Coal & Iron Co., 201 Pa. 70, 76; Malone v. Pierce, 231 Pa. 534, 537; Cooper v. Altoona C. C. & S. Co., 231 Pa. 557, 560; Freseman v. Purvis, 51 Pa. Superior Ct. 506, 511. To be liable in damages for injury to buildings, negligence must appear in the withdrawal of lateral support. As it relates to our question, it must be positive negligence or want of due care in mining or excavating: Matulys v. P. & R. Coal & Iron Co., 201 Pa. 70, 77. "Skillful and careful mining" is applied to the manner of taking out, not to the fact of taking out; all the coal may be taken out without violating this stipulation: Miles v. N. Y. S. & W. Coal Co., 250 Pa. 147, 154; Youghiogheny River Co. v. Allegheny National Bank, 211 Pa. 319, 323; Kellert v. Rochester & Pittsburgh Coal & Iron Co., 226 Pa. 27, 30. The right to lateral support exists and extends to defendant's property, though there are intervening parcels owned by other parties. The excavator is an adjoining owner, within the meaning of the rule, if his excavation results in a taking away of the lateral support to the plaintiff's property: 68 L. R. A. 682; and see Witherow v. Tannehill, 194 Pa. 21, 23.

Judge BRUMM seemed to be of opinion that, because plaintiff excavated for the cellar of the brewery and took therefrom large quantities of earth, the erection of the brewery added no additional weight, and should be treated as ground in its natural condition. But this theory is untenable. The rule is, land in its natural condition, not land with a massive building erected

thereon; and the judge overlooked the fact that a building could not be taken as a substitute; he forgot the nature of soil and of material in a building,—the flexibility of the one and the nonflexibility of the other in the movements of the earth. Soil easily accommodates itself to these movements, while a building, stiff and rigid, cracks. The reasons for applying the doctrine of lateral support to soil, and the soil alone, was long ago expressed, —we need not repeat it.

As there was no negligence averred or proven affecting defendant, the inquiry was to be directed to probable or imminently threatened injuries to surface of plaintiff's land in its natural condition. Evidence as to buildings and improvements tending to establish a right to restrain the use of the adjoining land was improperly admitted. The authorities cited by appellant are not inconsistent with this position.

The sum total of the evidence as to future injury comes to this: It may possibly happen in the future; it is uncertain, and the injury, if it happens, will be to the buildings or the machinery there installed. Such injury is not invasion of any legal right of plaintiff,—the injury, therefore, to its surface is negligible; it might have caused a crack in the building or machinery to be out of line, but such injuries, without negligence, would be damnum absque injuria. The third conclusion scarcely needs justification at our hands; the photographs emphasize it.

It became a matter of serious conjecture with Judge BRUMM as to future mining, whether the mining should be permitted by "robbing back," that is, allowing the pillars to be taken out, the top to break and fill the vacant space, the coal being all removed, or whether conditions should be held as they were. He resolved the doubt against defendant on the main seam of coal, and, by the injunction, took out of market 450,000 tons of anthracite coal, of a value largely in excess of the property for whose benefit the injunction was issued, and in

a community whose prosperity was absolutely dependent on the coal industry.

The witnesses on both sides agree that, under present conditions, the property of defendant was unsafe, and defendant's testimony seems convincing that approved methods of mining would lessen, if not eradicate, the danger. Possibly there would have been no damage if this character of mining had been pursued prior to 1904. It is certain, in this view of the case, equitable intervention should have been withheld, under the facts as presented.

But the prior decree as to other veins was modified, and defendant permitted to do more mining because of this evident uncertainty in the chancellor's mind. The court seemed possessed with an idea the question was one of public interest because of other buildings located close by. The owners of these buildings did not see fit to complain, ask equitable relief or intervene in this litigation, and, while courts should be careful to safeguard public rights, it is not necessary to create fancied dangers, with rights flowing therefrom.

Equity will act only when the threatened injury is imminent and irreparable: Rhodes v. Dunbar, 57 Pa. 274, 287; Huchenstine's App., 70 Pa. 102, 107; Streng v. Buck Run Coal Co., 241 Pa. 560, 564. But here, as found by the court below, the injury is not imminent, nor is it likely to happen.

The supplementary points presented by defendant, we need not discuss. The court below found any present injury due to mining prior to 1904 could be compensated in damages, and, unless we hold the mere possibility of an injury to an owner through the lawful use by one of adjoining property is ground for an injunction, we must dismiss this appeal, as previously stated. The threatened injury must be "imminent" and "irreparable."

We have examined the assignments of error with relation to admission and rejection of evidence, and are satisfied no substantial error was committed by the

court below in dismissing the exceptions filed.  We are of opinion some of the evidence might have been properly admitted, but, even if admitted, could not .change the final disposition of the case.

The decree of the court below is affirmed, at the cost of appellant.