Diksajtsz *v.* Brosz, Appellant.

Argued October 16, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige, JJ.

*Joseph S. Conwell* and with him *J. Allen Montgomery, Jr.,* for appellant.

*Leo MacFarland,* for appellee.

OPINION BY GAWTHROP, J., January 28, 1932.

This is an action of trespass to recover damages for injuries to plaintiff's property, No. 1117 North Street, Philadelphia, alleged to have been caused by an excavation made by defendant, appellant, on a plot of ground belonging to the Board of Education of the City of Philadelphia, which adjoined plaintiff's lot along the rear end thereof. Plaintiff's brick house, and a brick toilet annexed thereto, occupy substantially the whole of his lot, the rear end of the toilet abutting the land belonging to the Board of Education. A small portion of the lot on the rear end thereof is covered with cement.

Defendant had a contract with the Board of Education to construct a new school building on its land. The contract required the excavation of this land back to the party line of plaintiff's property. Defendant caused the rear end of the lot on which the school building was to be erected to be excavated according to the contract to a depth of twenty-five feet. As a result of the excavation the walls of plaintiff's house became cracked and broken, the pavement in his back yard sagged several inches and the fence between

plaintiff's house and an adjoining property "pulled apart."

The statement of claim averred that it was the duty of defendant, in the process of the excavation made by him under his contract, to take such precaution that there would be no damage done to the property of plaintiff; that he neglected to do this, and that the damages to plaintiff's property were caused by the failure of defendant properly to support "the surface of the ground next to where they were excavating." It appears, therefore, that plaintiff did not claim an absolute right of lateral support of his land with the buildings erected thereon. His contention was that defendant was bound to exercise ordinary care in making excavations on the adjoining land, and that he failed to exercise such care. The issue raised by the pleadings was that of negligence. The verdict was for plaintiff and defendant appeals.

One of the principal contentions made in behalf of defendant is that there was not sufficient evidence of his negligence to take the case to the jury, and that, therefore, he was entitled to binding instructions or judgment non obstante veredicto. The evidence produced by plaintiff tended to show that for three weeks after defendant began to excavate along plaintiff's rear property line he made no attempt by shoring or otherwise to hold in place plaintiff's land while the excavating was being done, and that when the shoring was installed it was not properly done and was defective and insufficient. There was affirmative testimony that the surface of plaintiff's lot sunk and that this caused the cracking of the walls of his house. The evidence of defendant and his witnesses tended to establish the fact that shoring and sheet piling were installed at the beginning in the usual and customary manner and that every reasonable precaution was taken to protect plaintiff's property. We do not agree that judgment non obstante veredicto should have been

entered for defendant, but are of one mind that the questions whether the excavating was done in a negligent and careless manner and whether, if the work was negligently done, the injuries resulted from that negligence, were for the jury. An examination of the cases beginning with Richart v. Scott, 7 Watts 460, leaves no room for doubt that for an injury to the building of the plaintiff—as distinguished from the ground on which it stood—defendant would not be liable unless he was negligent in doing the excavating. See McGettigan v. Potts, 149 Pa. 155; McKeand v. Skirboll, 55 Pa. Superior Ct. 28, and cases there cited. But for an injury to buildings, which is unavoidably incident to the depression or slide of the soil on which they stand, caused by an excavation on adjoining land, an action can be maintained when a want of due care or skill, or positive negligence, has contributed to produce it: Matulys v. Coal & Iron Co., 201 Pa. 70; Witherow v. Tannehill, 194 Pa. 21; Spohn v. Dives, 174 Pa. 474; McMullen v. Steel Co., 47 Pa. Superior Ct. 570; and Cooper v. Altoona C. C. & S. Co., 231 Pa. 557. Defendant, acting for the Board of Education, had the undoubted right to excavate on the land of the latter and to the line of plaintiff. The existence of plaintiff's house on his land did not deprive the adjoining owner of the right to use and enjoy its land to the same extent that it might have enjoyed it if there were no building on plaintiff's land. But the right of defendant to excavate did not relieve him of taking reasonable precaution against injuring plaintiff's land and his house. It was his duty to proceed with the excavation in an ordinarily skillful and prudent manner, to use reasonable care to prevent injury to plaintiff's building. What is reasonable care depends upon the circumstances of the particular case. In Cooper v. Altoona C. C. & S. Co., supra, a case similar to this, it was stated to be the law that the plaintiff was bound to support and protect his own

building. In 1 C. J. 1218, it is stated that "at common law there is no obligation on the part of an excavating owner, if he otherwise uses ordinary care, to protect the walls and buildings of an adjoining owner by shoring, underpinning, or the like, although conditions may exist which will necessitate protection of some kind because of the duty of exercising reasonable care." In Witherow v. Tannehill and Spohn v. Dives, supra, evidence that the defendant, the excavating owner, took no measures, or failed to take proper measures, to support the plaintiff's building, was held sufficient to establish negligence and a recovery was permitted. While the expressions in the cases on the subject of the duty of an excavating owner to protect the building of an adjoining owner by shoring, or the like, are not uniform, we gather from the cases we have cited, and many others which we have examined, that the failure of an excavating owner temporarily to support the ground of an adjoining owner on which buildings are erected may amount to negligence. This would be so where the character of the soil is such that it is apparent that injury to the building must result unless some such precaution is taken. If defendant reasonably should have anticipated what happened to appellee's building, if he failed to shore up the land of the latter in the beginning, or if he failed to support that ground by proper shoring as the work progressed, and the injury to plaintiff's building resulted from defendant's failure to take these precautions, the injury may be said to have been caused by his negligence.

The other complaints of defendant are of the admission of certain evidence and the charge of the court.

It is urged that harmful error was committed by the trial judge in admitting in evidence, and in referring in the charge to, the provisions of the contract between defendant and the Board of Education, which provided, inter alia, that defendant should be respon-

sible for and be required to repair and make good any damage done to adjacent property during the execution of the contract; that "before beginning work the general contractor shall protect from damage, all adjoining properties, sidewalks," etc.; and that "the streets and adjoining property shall be kept in position by sheet-piling, shoring, bracing, ...... where necessary or as directed. The general contractor shall be held responsible for all damages ensuing by reason of excavating, building or other work." This evidence was irrelevant. The duty which defendant owed plaintiff is not to be measured by the terms of the contract between defendant and the Board of Education, relating to defendant's obligation to protect adjoining property. The admission of such evidence was likely to confuse and mislead the jury as to the duty owed by defendant to plaintiff. Its effect in this respect was aggravated by the court's reference to, and repetition of, these provisions of the contract in the portion of the charge immediately preceding his statement that the plaintiff "alleges that the work of the defendant was negligently done, because the defendant did not protect the earth by properly shoring the same, and as a result of this negligence on the part of defendant, plaintiff's ground gave way." The conclusion is irresistible that the admission of this evidence and the reference to it in the charge made the jury understand that it was its duty to consider these provisions of defendant's contract with the Board of Education in determining whether or not defendant was negligent. The result was so prejudicial to defendant as to require us to hold that reversible error was committed in admitting this evidence and in the treatment made of it in the charge.

Defendant urges also that error was committed in permitting counsel for plaintiff to prove defendant's negligence by the testimony of a witness to the effect that defendant did not use the usual and customary

method in shoring or protecting the earth along plaintiff's boundary line. We have held, following decisions by the Supreme Court, that a deviation from a customary practice is not proof of negligence and cannot in itself sustain a recovery, and that mere proof that appliances used differ from those in use gives rise to no presumption of negligence. See Peterson v. Feltenberger, 102 Pa. Superior Ct. 6. "The party charged with negligence disproves it by showing that tools employed were those in general use in the business, but the converse does not follow. The party charging negligence does not show it by showing that the machinery was not in common use. If it should be so held the use of the newest and best machinery, if not yet generally adopted, could be adduced as evidence of negligence": Cunningham v. Bridge Works, 197 Pa. 625. See also Brown v. American Steel Foundries, 272 Pa. 231.

Another complaint is as to the admission of testimony showing a depreciation in the value of plaintiff's property after the making of the necessary repairs, the contention being that the proper measure of damage was the cost of repair or restoration which the plaintiff and his witnesses fixed at $1,650. In view of the fact that the verdict was for $1,650, the exact amount of the cost of making the repairs, as testified by plaintiff's witnesses, it is evident that the jury allowed nothing for depreciation on account of the fact that the house was a repaired house. Therefore, the error, if any, was harmless. But, as the case goes back for retrial, we deem it proper to state that we regard the case as one in which the damages were wholly remediable and, therefore, they are to be measured by the cost of making the repairs: Durante v. Alba, 266 Pa. 444, Rabe v. Shoenberger Coal Co., 213 Pa. 252.

The remaining complaint is that the evidence requires the conclusion that the negligence, if any there

was, was that of an independent subcontractor. This contention is so devoid of merit that no discussion is necessary.

The judgment is reversed and a new trial awarded.